## MONTGOMERY BUILDING & CONSTRUCTION TRADES COUNCIL ET AL. v. LEDBETTER ERECTION CO., INC.

No. 43.   Argued November 13, 1952.—Decided December 8, 1952.

*Herbert S. Thatcher* argued the cause for petitioners. With him on the brief were *J. Albert Woll, James A. Glenn, Joseph E. Finley* and *Earl McBee.*

By special leave of Court, *Mozart G. Ratner* argued the cause for the National Labor Relations Board, as *amicus curiae,* urging reversal. With him on the brief were *Acting Solicitor General Stern, Marvin E. Frankel, George J. Bott, David P. Findling* and *Bernard Dunau.*

*Jack Crenshaw* argued the cause for respondent. With him on the brief was *Files Crenshaw.*

*Arthur J. Goldberg* filed a brief for the Congress of Industrial Organizations, as *amicus curiae,* supporting petitioners.

MR. JUSTICE MINTON delivered the opinion of the Court.

The respondent filed a bill in equity in the Circuit Court of Montgomery County, Alabama, to enjoin certain picketing activities, wholly peaceful, carried on by the petitioners, labor organizations. Upon the sworn bill and without notice, the court issued forthwith a "Temporary Writ of Injunction." The petitioners appeared and filed an answer and a motion to dissolve the injunction on numerous grounds. Subsequently, the petitioners withdrew their answer and most of the grounds assigned for dissolution of the injunction and filed new grounds therefor. The motion to dissolve was denied, and from this order of the court the petitioners appealed to the Supreme Court of Alabama, which affirmed the order of the trial court. 256 Ala. 678, 57 So. 2d 112, rehearing denied, 256 Ala. 689, 57 So. 2d 121. Certiorari was sought here and granted, 343 U. S. 962.

At the very threshold, we are presented with a question of jurisdiction. This Court may grant certiorari from a judgment or decree of the Supreme Court of Alabama, the highest court in the State, only if the judgment or decree is final. 28 U. S. C. § 1257. Was this a final judgment or decree?

From the earliest days, this Court has refused to accept jurisdiction of interlocutory decrees, such as is involved in this case. In *Gibbons* v. *Ogden,* 6 Wheat. 448, the first case presenting this issue to this Court, an injunction had been granted by a Chancery Court of the State of New York. The defendant answered and moved to dissolve the injunction. The court denied the motion to dissolve, and the defendant appealed to the Court for the Trial of Impeachments and Correction of Errors which affirmed. The appeal to this Court was dismissed because there was no final decree in the court of last resort for this Court to review.

The provision of § 1257 that only "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . ." has been carried in almost identical language since the Judiciary Act of 1789, 1 Stat. 85, § 25.

> "This requirement is not one of those technicalities to be easily scorned. It is an important factor in the smooth working of our federal system." *Radio Station WOW* v. *Johnson,* 326 U. S. 120, 124.

The distinction between a preliminary or temporary injunction and a final or permanent injunction was elementary in the law of equity. The classical concept was at once recognized and applied in *Gibbons* v. *Ogden, supra.* There is no room here for interpretation. The rule remains unchanged.

True, as long as a temporary injunction is in force it may be as effective as a permanent injunction, and for that reason appeals from interlocutory judgments have been authorized by state legislatures and Congress. But such authorization does not give interlocutory judgments the aspect of finality here, even though we may have inadvertently granted certiorari. *Baldwin Co.* v. *Howard Co.,* 256 U. S. 35, 40.

It is argued that if this is not held to be a final decree or judgment and decided now, it may never be decided, because to await the outcome of the final hearing is to moot the question and to frustrate the picketing. However appealing such argument may be, it does not warrant us in enlarging our jurisdiction. Only Congress may do that. Furthermore, the interlocutory decree could have been readily converted into a final decree, and the appeal could have proceeded without question as to jurisdiction just as effectively and expeditiously as the appeal from the interlocutory injunction was pursued in this case.

Since there was no final judgment of the Supreme Court of Alabama for review, the writ of certiorari must be dismissed as improvidently granted.

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

The question presented is the *power* of the state court to issue a temporary injunction in this kind of labor dispute. If petitioners had sought mandamus or another appropriate state writ directed against the judge who issued the temporary injunction, I should have no doubt that it would be a final judgment which we would review. See *Bandini Co.* v. *Superior Court,* 284 U. S. 8, 14. Cf. *Rescue Army* v. *Municipal Court,* 331 U. S. 549, 565. I see no difference of substance between that case and this. The mischief of temporary injunctions in labor controversies is well known. It is done when the interlocutory order is issued. The damage is often irreparable. The assertion by the state court of *power* to act in an interlocutory way is final. Whether it has that *power* may be determined without reference to any future proceedings which may be taken. Unless the rule of finality is to be

purely mechanical, which to date it has not been (see
*Radio Station WOW* v. *Johnson,* 326 U. S. 120, 124), we
should determine now whether the National Labor Rela-
tions Act permits a state court to interfere with a labor
controversy in a way, which though interim in form,
irretrievably alters the status of the dispute or in fact
settles it.*

---

*This "practical" rather than "technical" construction is as neces-
sary here as it is in cases involving appeals from "final decisions"
in the federal system. See *Cohen* v. *Beneficial Loan Corp.,* 337 U. S.
541, 545–546.