Ohio Contractors Assn., Appellee, *v*. Local 894 of Int. Hod Carriers', Bldg. & C. L. Union of America et al., Appellants.

(No. 282—Decided April 8, 1959.)

*Mr. Harold L. Williams* and *Messrs. Baker, Hostetler & Patterson,* for appellee.
*Mr. Robert E. Shuff,* for appellants.

Stevens, J.   On May 7, 1958, plaintiff filed its petition against defendants in the Court of Common Pleas of Medina County, wherein it was alleged:

That plaintiff was a corporation not for profit, whose membership consisted of contractors engaged in heavy and highway construction; that plaintiff was one of its members; that the Laborers' District Council of Ohio was a subordinate of International Hod Carriers', Building & Common Laborers Union of America: that, in accordance with the constitution of said parent organization, all of the local unions within the jurisdiction of a district council were required to affiliate therewith, and that said district council should have jurisdiction, supervision and con-

trol over all matters relating to agreements within its territorial jurisdiction; and that defendant Local 894 was one of the local unions within the jurisdiction of said district council.

That plaintiff entered into a labor agreement in writing on behalf of its members with the Laborers' District Council, including Local 894, on May 1, 1957, which was in effect when plaintiff's petition was filed. That one of the provisions of said agreement was that, should differences of any kind arise between any contractor and the union or employees thereof, there would be no lockouts or work stoppages on any work, and all grievances or complaints which the parties were unable to resolve should be disposed of according to the procedures set forth in Article X of said agreement. That Article X provided for the creation of a Joint Disputes Board, consisting of three members designated by the District Council, and three members designated by the Labor Relations Division, and, if such board was unable to settle the question, it should be referred to binding arbitration.

That the defendants had breached said contract on May 1, 1958, by picketing and bannering the projects being operated by one of the members of plaintiff—viz., Central States Construction Company—and that this breach of contract had caused, and was causing, irreparable injury and damage to plaintiff, and its members.

Plaintiff then prayed for a temporary restraining order, restraining the defendants and each of them from picketing, bannering, or otherwise interfering with the employees of plaintiff's member, Central States Construction Company, or from in any manner coercing or intimidating employees of plaintiff's said member into leaving the work on said projects, or refusing to work thereon. Plaintiff further prayed for a temporary injunction, after hearing, during the pendency of this action, and for a permanent injunction after final hearing.

On May 7, 1958, the Court of Common Pleas issued a temporary restraining order as prayed for in plaintiff's petition, and directed plaintiff to furnish bond, as provided by law, in the sum of $1,000. Such bond was forthwith furnished by plaintiff, and a journal entry, restraining the defendants from picketing or otherwise interfering in any way with plaintiff's members' em-

ployees, or with the progress of the work on projects Nos. 197 and 598 of the Department of Highways of the state of Ohio, was filed.

Said journal entry fixed Monday, May 19, 1958, at 10 o'clock a. m. e. s. t., as the time for hearing on the temporary injunction.

Certified copies of the petition and the temporary restraining order were issued, for service, to the sheriffs of Medina and Summit Counties, and by them served on all defendants, the Medina County service being made on May 8, 1958, and the Summit County service on May 10, 1958.

Returns showing such service were duly made by the respective sheriffs.

On June 10, 1958, a supplemental petition was filed by plaintiff, wherein was set forth a one-year renewal of the identical (except as to dates) contract pleaded in the original petition.

The motion for a temporary injunction was heard by the court on June 10, 1958, all defendants being in court and represented by counsel.

On June 17, 1958, defendants filed a petition for removal of said cause to the United States District Court for the Northern District of Ohio, Eastern Division, which, on July 23, 1958, was denied by the District Court, and the case remanded to the Common Pleas Court of Medina County.

On July 10, 1958, plaintiff filed a motion in the Court of Common Pleas, asserting that other persons, at the instance and direction of defendants, were bannering and picketing the job of Central States Construction Company, in Medina County; that such conduct constituted a violation of the temporary restraining order, and the temporary injunction theretofore issued, and asked that process be issued to bring defendants before the Court of Common Pleas, there to show cause why they should not be punished for contempt for violation of the court's orders.

Process was issued and served upon defendants, who were ordered to appear on July 14, 1958, at 9:30 a. m., to show cause why they should not be punished for contempt for failure to obey the orders of the court theretofore made.

Upon hearing, the court, by journal entry filed with the clerk of courts on September 11, 1958, found all of the defend-

ants guilty of contempt of court as charged, and fined each of the four defendants $200, $175 of which was suspended upon condition that, and so long as, said defendants comply with the order of the court.

This appeal on questions of law challenges the propriety of the above judgment of the Court of Common Pleas of Medina County, entered on September 11, 1958.

The gravamen of appellants' complaint is, that the trial court was entirely without jurisdiction or power to entertain the instant action, or to enter any order or judgment therein, because, under the Labor Management Relations Act, 1947, as amended, Section 141 *et seq.*, Title 29, U. S. Code, the federal government has pre-empted the field of interstate labor-management relations, and confided jurisdiction in such matters exclusively to the National Labor Relations Board; that, by reason thereof, the judgment complained of is null and void.

Section 2727.02, Revised Code, provides:

"A temporary order may be granted restraining an act when it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of such act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, threatens or is about to do, or is procuring or permitting to be done, such act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual."

Section 2727.03, Revised Code, provides:

"At the beginning of an action, or any time before judgment, an injunction may be granted by the Supreme Court or a judge thereof, the Court of Appeals or a judge thereof in his district, the Court of Common Pleas or a judge thereof in his county, or the Probate Court, in causes pending therein, when it appears to the court or judge by affidavit of the plaintiff, or his agent, that the plaintiff is entitled to an injunction.

"On like grounds and proof, the probate judge may grant injunctions in actions pending in either the Court of Common

Pleas or Court of Appeals of his county, in the absence therefrom of the judges of such courts."

The petition of plaintiff alleged that defendants had breached the labor contract between plaintiff and the Laborers' District Council of Ohio, and sought a temporary restraining order, a temporary injunction, and, upon final hearing (which has not yet been had), a permanent injunction restraining such breach.

Sections 2727.02 and 2727.03, Revised Code, by their terms, state that the Court of Common Pleas of Medina County had the power to issue the restraining order against the defendants, and that it duly issued such order on May 7, 1958; that certified copies thereof were duly served upon all defendants on May 8, 1958, and May 10, 1958.

The trial court found, on September 11, 1958, upon the pleadings and the evidence adduced, that the defendants each had violated the order of the court by bannering and picketing after due notice of the order of the court, and were thus guilty of contempt of court.

No bill of exceptions has been filed in this appeal, and this court must indulge the assumption that the trial court had before it evidence which justified the judgment entered by it. *In the Matter of Lands, Lots or Parts of Lots Omitted from Foreclosure Proceedings—1944,* 146 Ohio St., 589, 67 N. E. (2d), 433.

Then, too, it is not even argued that the defendants did not violate the order of the court, after knowledge of its issuance and of its contents.

Section 2727.12, Revised Code, prescribes the procedure if an injunction or restraining order is disobeyed, as follows:

"Upon being satisfied, by affidavit, of the breach of an injunction or restraining order, the court or judge who issued such injunction or order may issue an attachment against the guilty party who shall pay a fine of not more than two hundred dollars, for the use of the county, make immediate restitution to the party injured, and give further security to obey the injunction or restraining order. In default thereof, said party may be committed to close custody until he complies with such requirement, or is otherwise discharged."

The fines assessed were within the limits fixed by the above statute.

The claims of the parties to this appeal present these questions:

1. Must a temporary injunction, issued out of a court of general jurisdiction with full equity powers, upon pleadings invoking its action, and duly served upon parties within its jurisdiction, be obeyed, even though issued by a court not possessed of jurisdiction of the subject matter of the action?

2. Can the question of jurisdiction of the subject matter of an action be raised by appellant, in an appeal from a conviction for contempt arising from a violation of a temporary injunction, before the court from which the temporary order issued has had an opportunity to determine the question of its own jurisdiction by a final order or judgment?

Apropos the question of the right of the trial court to punish for contempt for violation of its temporary injunctive judgment, that being the judgment from which this appeal is prosecuted, the first headnote in *United States* v. *Shipp*, 51 L. Ed., 319 (203 U. S., 563, 27 S. Ct., 165), contains the following statement, which, in our opinion, accurately states the holding of the court:

"1. Lack of jurisdiction in the federal Circuit Court of a petition for habeas corpus, or in the Supreme Court of the appeal from the order denying the writ, does not enable persons to disregard, without liability to process for contempt, the order of the Supreme Court that 'all proceedings against the appellant be stayed, and the custody of said appellant be retained pending this appeal,' since that court necessarily has jurisdiction to decide whether the case is properly before it."

In the opinion of the above case, the court, at page 573, stated:

"* * * But even if the Circuit Court had no jurisdiction to entertain Johnson's petition, and if this court had no jurisdiction of the appeal, this court, and this court alone, could decide that such was the law. It and it alone necessarily had jurisdiction to decide whether the case was properly before it. On that question, at least, it was its duty to permit argument and to take the time required for such consideration as it might need. * * * Until its judgment declining jurisdiction should be announced,

it had authority from the necessity of the case to make orders to preserve the existing conditions and the subject of the petition, just as the state court was bound to refrain from further proceedings until the same time. * * * The fact that the petitioner was entitled to argue his case shows what needs no proof, that the law contemplates the possibility of a decision either way, and therefore must provide for it. Of course the provision of Rev. Stat. Section 766, that until final judgment on the appeal further proceedings in the state court against the prisoner shall be deemed void, applies to every case. There is no implied exception if the final judgment shall happen to be that the writ should not have issued or that the appeal should be dismissed.''

The above case was followed with approval in *United States* v. *United Mine Workers of America,* 330 U. S., 258, at p. 291 *et seq.,* 91 L. Ed., 884, 67 S. Ct., 677. See also: 12 A. L. R. (2d), 1059, annotation, Sections 6 and 7; *Howat* v. *State of Kansas,* 258 U. S., 181, 66 L. Ed., 550, 42 S. Ct., 277.

Consonant with the foregoing authorities, which we believe to be completely dispositive of the questions here presented, we hold that, under the pleadings and under the Ohio statutes, the trial court, whether it ultimately determines that it has or does not have jurisdiction upon a consideration of the merits of the case, did have authority to issue the temporary restraining order and the temporary injunction; that it likewise had the power and legal authority to punish for contempt those parties who flagrantly flouted its order prior to a determination of the jurisdictional question upon a consideration of the case on its merits.

We further hold that the question of jurisdiction of the subject matter of an action cannot be properly raised by an appellant, in an appeal from a contempt conviction arising from a violation of a temporary injunction, before the court from which the temporary injunction issued has had an opportunity to determine the question of its own jurisdiction by a final order or judgment. *Montgomery Bldg. & Construction Trades Council* v. *Ledbetter Erection Co., Inc.,* 344 U. S., 178, 97 L. Ed., 204, 73 S. Ct., 196.

It would present a completely anomalous situation if a picket on a picket line were permitted to determine the jurisdiction of a

trial court, and, having determined that it had no jurisdiction, to disobey its order, without the trial judge even being given an opportunity to finally pass upon the question of the jurisdiction of the court over the subject matter of the action.

*Judgment affirmed.*

DOYLE, P. J., and HURD, J., concur.

HURD, J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.