**Seth JONES, Individually and for others similarly situated**

v.

**HOLY CROSS HOSPITAL SILVER SPRING, INC.**

Civ. No. 73–1241–T.

United States District Court, District of Maryland.

Oct. 25, 1974.

Gary Howard Simpson, Bethesda, Md., for plaintiff.

Francis T. Coleman, John R. Erickson, Counihan, Casey & Loomis, Washington, D. C., and Stanley J. Nadonley, Nadonley & Townsend, Rockville, Md., for defendant.

William A. Carey, Gen. Counsel, William L. Robinson, Associate Gen. Counsel, Roberta V. Romberg, Asst. Gen. Counsel, Richard Slosberg, Supervisory Trial Atty., Deborah Carliner, Trial Atty., Washington, D. C., and Valerie Olson, Baltimore, Md., for Equal Employment Opportunity Commission.

THOMSEN, Senior District Judge.

This is an action brought under § 706(f) of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. 2000e–5(f), by one black employee of defendant hospital, "individually and for others similarly situated", alleging racially discriminatory employment practices. The complaint alleges: "The class represented by plaintiff is comprised of all black employees who have sought, might have sought, seek or might seek employment and promotion by the defendant hospital and who have been, might have been, continue to be or might be adversely affected because of their race". Plaintiff seeks injunctive relief, back pay for himself and "members of the class he represents" and other relief.

The Equal Employment Opportunity Commission (EEOC) has moved for leave to intervene, citing § 705(g)(6) and § 706(f)(1) of the Act as amended in 1972, 42 U.S.C.A. 2000e–4(g)(6) and 2000e–5(f)(1).

Defendant challenges plaintiff's right to maintain this action as a class action, has moved to dismiss an amended complaint recently filed, as well as the original complaint, opposes the motion of EEOC to intervene, and seeks an extension of time to reply to an elaborate set of interrogatories filed by plaintiffs, which seek information from 1958 to date.

A hearing has been held, at which counsel supplied certain historical facts necessary to decide the several controversies and argued the points involved.[1]

\* \* \*

---

1. Insofar as defendant relies on documents and other facts not included in the papers filed by opposing parties, its motions to dismiss will be treated as motions for summary judgment.

Defendant is a non-profit corporation, which operates a hospital in Silver Spring, Montgomery County, Maryland, with between 1,000 and 1500 employees. Defendant states that it has more than 400 job classifications.

From 1965 until January 1974 plaintiff was employed by defendant as a "technician", assigned to "central services"; his duties included picking up and delivering laundry and seeing that each floor received various necessary supplies.

On April 28, 1970, plaintiff filed under oath in the Washington Area Office of EEOC a typed "Charge of Discrimination" because of "Race or Color" naming as those who discriminated against him the defendant and Sister Helen Marie, its administrator.[2] The charge was filed under § 706(c), 42 U.S.C.A. 2000e–5(c), as it then read, before the 1972 amendment.

The EEOC "deferred" the charge to the Maryland Commission, which apparently did nothing about it, and on March 16, 1972, the EEOC assumed jurisdiction of the deferred charge. It served the charge on the hospital and through one or more of its investigators requested some information from the hospital, which furnished a part of what was requested. It does not appear that the EEOC did anything else until October 3, 1973, when the Director of the Baltimore District Office of EEOC sent plaintiff a Notice of Right to Sue within 90 Days. Plaintiff alleges that he "has received notification from the EEOC, pursuant to Section 706(f)(1) that the EEOC has been unable to secure voluntary compliance with the Act within 180 days". The notice does not so state, and it appears that the EEOC did not make any effort to secure from the respondent a conciliation agreement acceptable to the Commission.[3] This was no doubt due to the fact that the EEOC was swamped with complaints, and this court intimates no criticism of the failure of the EEOC to make greater efforts. Under the statute, both as it read before 1972 and as it now reads, such failure would prevent the EEOC from bringing a civil action itself against the respondent. It does not prevent plaintiff from bringing the present action. The right of the EEOC to intervene will be discussed below.

Plaintiff engaged his present attorney, who filed the original complaint herein on December 21, 1973. The Marshal attempted to serve the person named as resident agent on the records of the Maryland Department of Assessments and Taxation, but made a return on December 28 that he had been unable to do so, because she had been dead for six years. Plaintiff's attorney made no effort to have process served on the Maryland Department of Assessments and Taxation, as permitted by Art. 75, § 75B, of the Maryland Code, or on anyone else until July 17, 1974, when he caused

---

2. Under the heading "Explain what unfair thing was done to you. How were other persons treated differently?" plaintiff stated: "I charge Holy Cross Hospital and the Administrator, Sister Helen Marie, with discriminating against Negroes because no Negro employee has been promoted or hired to a supervisor's position at the Hospital. Several Negro employees have quit the Hospital because of this discrimination. I wanted to see Sister Helen Marie the Administrator to talk to her about a promotion and to tell her I was interested in being considered for a supervisor's job the next time one became available in my department as I have been working there for 5 years, and she refused

to see me. She is a busy woman and hard to see and I went through all the channels I was told to to set up an appointment and I was supposed to see her on March 26, but the Director of Personnel Mr. Mark Smith told me she refused to see me. I charge Sister Marie with ignoring the interests of Negro employees who want to be considered for better than menial jobs at Holy Cross Hospital, and for putting only white people in as supervisors of the Negro employees. This is true of every department at Holy Cross Hospital."

3. See § 706(f)(1), 42 U.S.C.A. 2000e–5(f)(1), as amended in 1972.

a new summons to be issued, which was served on defendant's Assistant Administrator on July 25, 1974.

Meanwhile, on July 9, 1974, the EEOC had filed a motion to intervene as a party-plaintiff in this action in order to assert the claims set forth in its proposed intervenor's complaint. The motion was accompanied by a certificate of its general counsel that the EEOC had determined this action to be of general public importance in accordance with the provisions of § 706(f)(1), as amended in 1972, 42 U.S.C.A. 2000e–5(f)(1). In its proposed intervenor's complaint the EEOC alleges that since at least July 2, 1965, the Hospital has intentionally engaged in various unlawful employment practices, most of which were not included in the complaint filed with the EEOC by the plaintiff herein. The EEOC does not allege that they were included in any other complaint against defendant filed with the EEOC, and does not allege that it has ever made any effort to obtain a conciliation agreement with defendant, which is a prerequisite to its bringing an action in its own name. See § 706(f)(1), 42 U.S.C.A. 2000e–5(f)(1), as amended in 1972.

The proposed complaint of the EEOC seeks injunctive and other relief, including an order to make whole those persons adversely affected by the alleged unlawful employment practices, by providing appropriate back pay with interest, despite the fact that the intervening complaint does not refer to any claims filed with the EEOC (or for that matter, with defendant) by anyone except the plaintiff herein.

On September 5, 1974, plaintiffs (presumably Jones "individually and for others similarly situated") filed "Plaintiffs' Interrogatories to Defendant Holy Cross Hospital, Set I", which included 79 interrogatories, some of which contain many subparts, seeking information from 1958 to date.

On September 11 "plaintiffs" filed an amended complaint, which merely added to the original complaint copies of the "charges filed by plaintiff with the EEOC", the notice to the Hospital and the Notice of Right to Sue in 90 Days. The "charges" so added to the complaint included the original signed charge filed by plaintiff, see n. 2 above, and an unsigned, undated paper, with no indication of when and by whom it was filed.[4] The reason this paper was filed with the amended complaint is not clear. It does not meet the requirements of a "charge" under § 706(b), 42 U.S.C.A. 2000e–5(b).

Defendant duly filed an opposition to the effort of EEOC to intervene, and motions to dismiss plaintiffs' successive complaints and for an extension of time to answer the interrogatories.

Plaintiff has never made any attempt to have the court determine whether the action is to be maintained as a class action. At the recent hearing on pending motions, defendant asked the court to determine that the action should not be maintained as a class action. Rule 23(c)(1) requires that such determination shall be made as soon as practicable after the commencement of an action brought as a class action.

\* \* \*

Defendant's motion to dismiss plaintiff's complaint and amended complaint for delay in service of process is denied.

\* \* \*

■ Whether this action should be maintained as a class action requires consideration of several factors. Insofar as the amended complaint seeks a

4. That paper contains the statement: "I feel that the above hospital has discriminated against me and other blacks in the following terms and conditions of employment: hiring, training, promotion and transfer, demotion, suspensions, job classification, qualification, harassment and intimidation, discharge and benefits. I feel that we (blacks) are being discriminated against because of our race (black) and sex (female)." Plaintiff is male.

·declaratory judgment and an injunction with respect to future action, it is clearly desirable, the facts justify, and the court rules that the action may be maintained as a class action under Rule 23(b)(2), F.R.Civ.P.[5]

■ Insofar as plaintiff seeks "back pay" or any other money judgment for "all black employees who have sought, might have sought, seek or might seek employment and promotion by the defendant hospital and who have been, might have been, continue to be or might be adversely affected because of their race", there are persuasive reasons why the case should not be maintained as a class action under Rule 23(b)(3). The proposed class is amorphous; it might include most of the adult black residents of the Washington metropolitan area. Neither the complaints filed by Jones nor the intervening complaint sought to be filed by EEOC alleges any .other charge than that filed by Jones. In the notice of the charge filed by Jones on April 28, 1970, which was sent to defendant on March 28, 1972, the only "Basis of Discrimination" checked was "Race or color" and the only "Nature of charge" checked was "Promotion".

Important facts to be considered include: that there are a great many job classifications; that the qualifications for the different positions in the hospital, including many professional positions, are set by different groups, often governed by State qualifications; that the employees are selected and promoted by different groups and individuals, that there is a large annual turnover, and that the statute of limitations has been tolled with respect to members of the alleged class since the filing of this action.[6]

Other factors include the impracticability of giving notice to such a large and amorphous group as the class named in the complaint and amended complaint filed by Jones, which would be necessary if it were determined that the action should be maintained as a class action under Rule 23(b)(3).[7]

Various delays should also be considered in deciding whether a class action for damages would be fair to defendant.[8]

All factors considered, the court concludes that, although the action may be maintained as a class action under Rule 23(b)(2), it should not be maintained as a class action under Rule 23(b)(3). Other persons with appropriate claims may request leave to intervene to assert their claims for pecuniary loss.[9]

\* \* \*

■■ The 1972 amendments authorize EEOC to intervene in actions filed by individuals, "upon certification that the case is of general public importance", § 706(f)(1), 42 U.S.C.A. 2000e–5(f)(1). The same subsection provides that the EEOC may not bring an action itself unless it has investigated the

---

5. Francis v. Davidson, 340 F.Supp. 351, 361 (D.Md.1972), aff'd 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972).

6. American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); Morton v. Charles County Board of Education, 373 F.Supp. 394 (D.Md.1974).

7. Such notice is not required if it is determined that the action be maintained as a class action under Rule 23(b)(2). Hammond v. Powell, 462 F.2d 1053 (4 Cir. 1972); Francis v. Davidson, 340 F.Supp. 351, 361 (D.Md.1972), aff'd 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972); Wright & Miller, Federal Practice & Procedure: Civil, § 1786, esp. p. 148, nn. 98, 99, and 1973 Pocket Part, p. 28, n. 35.1, and p. 29, n. 99; 3B Moore's Federal Practice ¶ 23.55, p. 23–1152 et seq., and 1973 Cum. Supp.

8. They include: delay in bringing to the attention of defendant the charge filed by Jones, the delay in issuing the notice of right to sue, and the delay in the service of process between January 28 and July 25, which, though clearly not a ground for dismissing the action, is a factor in determining whether there has been prejudice to defendant from delays.

9. Questions with respect to the relief which may be obtained herein need not be decided at this time.

charge, has determined after investigation that there is reasonable cause to believe that the charge is true, and has been unable to secure from the respondent (employer) an acceptable conciliation agreement. § 706(b) and (f)(1). Those prerequisites do not exist in this case. Their absence does not prevent the EEOC from intervening and assisting the plaintiff(s) in such a case as this. But their absence does prevent the EEOC from using such right of intervention as a device for circumventing the prerequisites to the institution of an action by the EEOC itself which have been included in the same section of the statute which gives it the right to intervene.

In EEOC v. Missouri Pacific R. Co., 493 F.2d 71 (8 Cir. 1974), where the EEOC was permitted to intervene and to enlarge the scope of the action beyond the complaint filed by the original plaintiff, the EEOC had investigated the charge, found reasonable cause to believe that the respondent had violated Title VIII and had attempted conciliation unsuccessfully. In that case it had complied with § 706(f)(1), 42 U.S.C.A. 2000e–5(f)(1).

■ There is no merit in defendant's argument that the court should review the determination of the EEOC that the case is one of general public importance.

\* \* \*

■ On September 5, 1974, plaintiff filed a set of 70 interrogatories, many containing from 2 to 23 subparts, seeking a mass of information not only with respect to race, but also with respect to sex, for a period of time beginning before defendant was incorporated or its hospital was opened. Defendant has sought and is clearly entitled to a protective order against such overbroad interrogatories. Rule 26(c), F.R.Civ.P. The preparation of answers to those interrogatories would require an unreasonable amount of time and an unreasonable expenditure of money by defendant. Plaintiff's attorney should review the

interrogatories, reduce them to a reasonable set and serve them on defendant's attorney. If defendant still objects to the reduced set, the parties should follow the procedure set out in Local Rule 34, and submit to the court only the problems as to which they are unable to agree.

\* \* \*

The rulings stated in this opinion will constitute an order giving effect to those rulings.