Darlene K. WILLIS, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

ALLIED MAINTENANCE CORPORATION et al., Defendants.

No. 75 Civ. 955.

United States District Court, S. D. New York.

June 16, 1976.

National Employment Law Project by Joan Bertin Lowy, Isabelle Katz Pinzler, New York City, for plaintiffs.

Graubard, Moskowitz, McGolldrick, Dannett & Horowitz by Emanuel Dannett, New York City, for Allied Maintenance Corp.

Halperin, Shivitz, Scholer, Schneider & Eizenberg, New York City, for Local 32J of the Service Employees International Union.

Israelson & Streit, New York City, for Local 32B of the Service Employees International Union.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for Realty Advisory Bd. on Labor Relations, Inc.

Mayer, Weiner & Mayer, New York City, for Building Service League.

Cohen, Weiss & Simon, New York City, for Service Employees International Union.

Shea Gould Climenko Kramer & Casey, New York City, for Maria Nurse (plaintiff in lead case 74 Civ. 4889).

Paul Gontarek, New York City, for Equal Employment Opportunity Commission.

## MEMORANDUM

STEWART, District Judge:

The Equal Employment Opportunity Commission ("EEOC") has moved, pursuant to Section 705(g)(6) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e–4(g)(6),[1] to intervene in this private Title VII action. Plaintiff Willis instituted this action on February 26, 1975 against various employers in the industrial cleaning industry as well as industry-related unions alleging sex discrimination in job assign-ments, wage scales, job benefits, and other employment related activities in violation of Title VII.

The EEOC's application for intervention as a party-plaintiff is limited to the claims raised by plaintiff under Title VII. The EEOC contends that permissive intervention is appropriate in the instant case since all the requirements of Rule 24(b) of the Federal Rules of Civil Procedure which governs permissive intervention have been met. First, the application is timely. Second, a conditional right to intervene is granted by Title VII as set forth above. Third, the proposed EEOC complaint and that of plaintiff raise the same questions of law and fact.

In opposition to the EEOC's application, defendant Local 32J argues that the EEOC failed to comply with its regulation requiring a "one last chance" notice to be sent to a respondent before termination of conciliation efforts. 29 C.F.R. § 1601.23 (1974). *See EEOC v. Firestone Tire & Rubber Co.,* 366 F.Supp. 273, 276 (D.Md. 1973). Local 32J contends, therefore that the EEOC is precluded from intervening in the instant action.

The EEOC asserts that it met the requirements of § 1601.23 and, in the alternative, that any failure to do so was both harmless and is not preclusive of intervention in an action brought by a private litigant. Since we agree that a failure to meet the requirement of § 1601.23 does not preclude permissive intervention, we need not reach the question of whether, under the facts of this case, the requirement of § 1601.23 was met.

In support of its argument that the EEOC should not be permitted to intervene, Local 32J relies upon the settled rule that the EEOC may not bring an action unless it has given the proper § 1601.23 notice terminating conciliation efforts. *See EEOC v. Hickey-Mitchell Co.,* 507 F.2d 944 (8th Cir. 1974). The rationale of *Hickey-Mitchell* is that conciliation has a "central role . .

---

1. Section 705(g)(6) provides: "The Commission shall have power—(6) to intervene in a civil action brought under section 2000e–5 of this title by an aggrieved party against a respondent other than a government, governmental agency or political subdivision."

**624**

in the scheme of Title VII." Therefore, the requirement to give one last chance is not "merely 'technical'" but rather "reflects formal recognition by the Commission of the need to keep the doors of communication open." 507 F.2d at 948. In order to insure that the Commission does not sidestep to any degree the "congressionally preferred forum," 507 F.2d at 949 the courts have denied the EEOC independent access to the courts where it has not properly followed the requirements of conciliation. However, the few courts which have considered whether the EEOC may intervene in privately instituted actions have permitted intervention where appropriate despite the EEOC's failure to follow all the necessary conciliation procedures.

In *Jones v. Holy Cross Hospital Silver Springs*, 64 F.R.D. 586 (D.Md. 1974), the court specifically allowed the EEOC to intervene in an action where it had not met the prerequisites necessary to file an action itself. However, the court, distinguishing between a situation where the EEOC brings its own action from one where it intervenes, would not allow the EEOC to enlarge the scope of the action. *See also NOW v. Minnesota Mining & Mfg.*, 11 F.E.P. 720 (D.Minn. 1975) ("Where . . . the charging party has instituted an action after receipt of the right to sue notice from the EEOC, the commission's functions as a conciliator or persuader are at an end and *Hickey-Mitchell* has no application.")

We agree that here, where the EEOC does not ask to expand the scope of the case and where it has met the requirements of Rule 24(b) F.R.Civ.P., "the disposition of the case may be materially aided by the EEOC's expertise in the matter," *Marshall v. Electric Hose & Rubber Co.*, 10 F.E.P. 1070 (1974), and intervention should be permitted.

Motion to intervene is granted.

SO ORDERED.