**Stanley WILLIAMS et al., Plaintiffs-Appellants,**

v.

**WALLACE SILVERSMITHS, INC., a division of HMW Industries, Inc., Defendant-Appellee.**

**No. 935, Docket 76–7617.**

United States Court of Appeals, Second Circuit.

Argued Feb. 15, 1977.

Decided March 4, 1977.

Mary Ellen Wynn, New Haven, Conn. (Karen L. Kruskal, Elizabeth C. Yen, and Williams, Avery & Wynn, New Haven, Conn., on the brief), for plaintiffs-appellants.

Warren W. Eginton, Stamford, Conn. (Cummings & Lockwood, Stamford, Conn., on the brief), for defendant-appellee.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Assoc. Gen. Counsel, Charles L. Reischel, Asst. Gen. Counsel, and Paul E. Mirengoff, Atty., Washington, D.C., filed brief for Equal Employment Opportunity Commission, amicus curiae.

Before LUMBARD and TIMBERS, Circuit Judges, and KNAPP, District Judge.*

PER CURIAM:

This case comes to us pursuant to defendant's motion to dismiss plaintiffs' appeal from an order entered in the District of Connecticut, Jon O. Newman, District Judge, 75 F.R.D. 633 (D.Conn.1976), which denied plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23(c). We hold that the order appealed from is interlocutory and nonappealable. Accordingly, the motion to dismiss the appeal is granted.

* Hon. Whitman Knapp, United States District Judge, Southern District of New York, sitting by designation.

Plaintiffs are five employees, one former employee, and the widow of a deceased employee of defendant Wallace Silversmiths, Inc. (the employer). Plaintiffs commenced the action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* (1970), *as amended* (Supp. II 1972), and 42 U.S.C. § 1981 (1970). They charged the employer with discrimination on the basis of race in its employment policies. Plaintiffs purported to bring the action on their own behalf and on behalf of all others similarly situated. They describe the class as "all black persons who have suffered or will in the future suffer from the pattern of discrimination" alleged. As relief, they sought $300,000 damages for lost wages, $200,000 punitive damages, an injunction permanently enjoining the employer from engaging in discriminatory employment practices, and the imposition of an affirmative action program.

On November 11, 1976 Judge Newman denied plaintiffs' motion for class certification. He found that plaintiffs sought to represent several subclasses, including all black persons who had been deterred or prevented from seeking work with the employer; all black persons who had applied for and been denied employment since July 2, 1965; all black persons who presently were employed by the employer, who would be so employed in the future, and who had been, but no longer were, so employed after July 2, 1965; and all black persons who had been, or in the future would be, discharged because of the employer's allegedly discriminatory employment practices. Judge Newman found that plaintiffs failed to meet the requirements of commonality, typicality,

and adequacy of representation of Fed.R. Civ.P. 23(a) as to all the subclasses. After limiting the putative class to the employer's present and former employees, the judge determined that the class would not satisfy the numerosity requirement of Rule 23(a)(1).[1] On these grounds he declined to certify a class. He also declined to issue a certificate pursuant to 28 U.S.C. § 1292(b) (1970) to enable plaintiffs to apply to this Court for permission to appeal from the interlocutory order. Plaintiffs nevertheless filed a notice of appeal.

The employer has moved to dismiss plaintiffs' appeal for want of appellate jurisdiction. Plaintiffs claim that the order denying their motion for class certification is appealable pursuant to 28 U.S.C. § 1292 (a)(1) (1970), which gives us jurisdiction to review "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ."[2] See, e.g., *Jones v. Diamond,* 519 F.2d 1090 (5 Cir.1975); *Price v. Lucky Stores, Inc.,* 501 F.2d 1177 (9 Cir.1974); *Yaffe v. Powers,* 454 F.2d 1362 (1 Cir.1972); *Brunson v. Board of Trustees,* 311 F.2d 107 (4 Cir.1962) (per curiam), *cert. denied,* 373 U.S. 933 (1963).

We decline to hold that § 1292(a)(1) gives us jurisdiction to review the interlocutory order from which plaintiffs appeal. We agree with the Court of Appeals for the District of Columbia Circuit, *Williams v. Mumford,* 511 F.2d 363, 369 (D.C.Cir.), *cert. denied,* 423 U.S. 828 (1975), that to do so would be to effect "an unwarranted expansion of the statutory language." The injunction exception to the final judgment rule should be construed narrowly. "The

---

1. Judge Newman found that all five present black employees were named plaintiffs and that there were only 22 former black employees. He noted also that "[w]hile plaintiffs' counsel represents that several other Black persons have been hired and that approximately 10 Black persons who worked for a now defunct subsidiary may be eligible for inclusion, there is no indication that the increase is sufficient to meet the numerosity requirement."

2. Plaintiffs concede that we do not have jurisdiction under 28 U.S.C. § 1291. Regardless of

the continuing validity *vel non* of the death knell doctrine, *Eisen v. Carlisle & Jacquelin (Eisen I),* 370 F.2d 119, 121 (2 Cir.1966), *cert. denied,* 386 U.S. 1035 (1967); see *Parkinson v. April Industries, Inc.,* 520 F.2d 650, 656 n.6, 658–61 (2 Cir.1975); *Shayne v. Madison Square Garden Corp.,* 491 F.2d 397, 400 (2d Cir.1974), plaintiffs here concede, as they must, that they cannot avail themselves of the death knell exception to the final judgment rule because they fully intend to prosecute, and are presently prosecuting, their individual claims.

Supreme Court has characterized [the] history of the injunction exception . . . as reflecting 'a developing need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence.' " *Stewart-Warner Corp. v. Westinghouse Electric Corp.,* 325 F.2d 822, 830 (2 Cir.1963) (Friendly, J., dissenting), *cert. denied,* 376 U.S. 944 (1964) (quoting *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176 (1955)). The primary purpose of the exception is to prevent "true hardship", *Stewart-Warner, supra,* 325 F.2d at 829, by permitting immediate review of orders granting or denying preliminary (interlocutory) injunctions.

Further, we are mindful of the distinction between refusal to grant an injunction which is based on the merits of a case, or lack of jurisdiction or improper venue, and the quite different kind of refusal based "on the wisdom of consolidating certain claims for trial". *Id.* at 828 (quoting *National Machinery Co. v. Waterbury Farrell Foundry & Mach. Co.,* 290 F.2d 527, 528 (2 Cir.1961) (per curiam)). As Judge Friendly said in *Stewart-Warner:*[3]

> "Where the order is of the former type, the danger of serious harm from the court's erroneous belief in the existence of a legal barrier to its entertaining a claim for an injunction has been thought to outweigh the general undesirability of interlocutory appeals." 325 F.2d at 829.

Judge Newman's determination that the instant action is inappropriate for class treatment in no way refuses an injunction. Our cases have so held. *City of New York v. International Pipe & Ceramics Corp.,* 410 F.2d 295 (2 Cir.1969); *Lipsett v. United States,* 359 F.2d 956, 958 (2 Cir.1966); *All American Airways v. Elderd,* 209 F.2d 247 (2 Cir.1954); cf. *Male v. Crossroads Associates,* 469 F.2d 616, 619 n.3 (2 Cir.1972) (class action determination not reviewable absent "extraordinary circumstances", citing *Eisen* and referring to the death knell doctrine,

"with no discussion of the possibility of jurisdiction under section 1292(a)(1) although it would seem to be an appropriate case for it", Marguiles, *Appealability of Class Action Determinations,* 44 Ford.L. Rev. 548, 567 n.7 (1975)).

*Build of Buffalo v. Sedita,* 441 F.2d 284 (2 Cir.1971), is not to the contrary. There we held appealable, under § 1292(a)(1), an order of the district court which dismissed plaintiffs' civil rights complaint as to three defendants for failure to state a claim upon which relief could be granted. The three defendants were the Mayor, the Commissioner of Police, and the Department of Human Relations of the City of Buffalo. The allegations of the complaint against the individual police officers remained.

*Build of Buffalo* is distinguishable from the instant case in several material respects. First, the complaint in that case was supplemented by "a motion for a preliminary injunction to restrain defendants *pendente lite* from committing a formidable list of specific kinds of abusive police practices." 441 F.2d at 286. "By granting the motion of the [three defendants] to dismiss, the district court effectively denied at the same time plaintiffs' motion for a preliminary injunction as against those defendants." *Id.* This is just the kind of "interlocutory [order] of serious, perhaps irreparable consequence", *Baltimore Contractors, supra,* 348 U.S. at 181, to which § 1292(a)(1) was directed. See also *Jenkins v. Blue Cross Mutual Hospital Ins. Co.,* 522 F.2d 1235 (7 Cir.1975); *Rodgers v. United States Steel Corp.,* 508 F.2d 152, 160 (3 Cir.) (dictum), *cert. denied,* 423 U.S. 832 (1975).

Second, the dismissal of the complaint in *Build of Buffalo* was on the merits. "[T]he court necessarily decided that upon the facts alleged in the [complaint] [plaintiffs] were not entitled to an injunction." *General Electric Co. v. Marvel Rare Metals, Co.,* 287 U.S. 430 (1932). In *Build of Buffalo,*

---

**3.** Although *Stewart-Warner* involved an appeal from an order striking counterclaims which alleged grounds for injunctive relief, and had nothing to do with class actions, the discussion of the purposes of § 1292(a)(1) is equally germane to the appealability of a denial of class action certification when appellants urge us to assume jurisdiction of their appeal under that section.

our Court specifically referred, 441 F.2d at 287, to Judge Friendly's dissent in *Stewart-Warner* and emphasized that the district court had determined "that plaintiffs were entitled to no relief under federal law, including preliminary relief . . . ."

Finally, the majority and dissenting opinions in *Build of Buffalo* agreed that "jurisdiction should be denied unless it can be shown that for all practical purposes the dismissal of these defendants effectively terminates the litigation or that it fully nullifies any potential injunctive relief by contracting the scope of the injunctive relief originally sought." 441 F.2d at 294 (Anderson, J., dissenting). Judge Kaufman, for the majority, seems to have agreed with that formulation of the test but believed it to have been satisfied because

> "the *gist* of plaintiffs' claim was the systematic and knowledgeable failure of responsible authorities to take any measures to correct a pattern of abusive police practices. . . . [E]ven if injunctive relief were eventually awarded against each of the named individual police defendants, it would not *at all* satisfy plaintiffs' claim for relief from systematic misbehavior at levels of authority higher than that of the patrolman on the beat." (emphasis added). 441 F.2d at 287.

The order appealed from here has none of the significant characteristics noted and relied upon in *Build of Buffalo*. Here no preliminary relief was requested; the striking of the class allegations was not based on a view of the merits of plaintiffs' case or any other legal barriers to the claims of either the named plaintiffs or absentee class members; and the scope of ultimate injunctive relief was not contracted to the extent of effectively "denying" the relief

plaintiffs seek. Further, the denial of class action certification here will not preclude plaintiffs from obtaining the complete relief they seek, because appropriate representatives of the subclasses may intervene in this action or bring an action of their own.

Thus, even if we were to view the latter criterion as the main factor in determining whether a class action determination is appealable, as some of the other Circuits have, the order below would not be appealable. For, "in deference to the general policy of discouraging interlocutory appeals," *Jones v. Diamond, supra,* 519 F.2d at 1095, several of the Circuits which have allowed appeals under § 1292(a)(1) have required at least that "the plaintiff's prayer for an injunction must constitute the heart of the relief he seeks." Beyond that,

> "the practical result of the order denying the proposed class must be to deny the requested broad injunction. We look in these cases, as we should in most, to the bottom line, to see if the plaintiff was effectively denied access to the courts, for the effect of the order controls the applicability of section 1292." *Id.* at 1096.

The court in *Jones v. Diamond* concluded that, for purposes of that lawsuit, "the injunction requiring the defendants to submit a comprehensive jail reform plan to the court [had] been foreclosed as surely as if the order had spelled out the specific words 'injunction denied.'" *Id.* at 1096–97. See also *Yaffe v. Powers, supra,* 454 F.2d at 1364–65 (First Amendment chilling effect would continue even if individual plaintiffs obtained injunctive relief); *Spangler v. United States,* 415 F.2d 1242, 1246–47 (9 Cir.1969).[4]

---

4. In any event, we have reservations about the wisdom of this line of reasoning which requires appellate courts to determine in each instance whether an order precluding the maintenance of a suit as a class action effectively "denies" the injunctive relief sought by plaintiffs. In *Baltimore Contractors, supra,* the Supreme Court admonished:

> "It is the responsibility of all courts to see that no unauthorized extension or reduction of jurisdiction, direct or indirect, occurs in

> the federal system. . . . Any such *ad hoc* decisions disorganize practice by encouraging attempts to secure or oppose appeals with a consequent waste of time and money. The choices fall in the legislative domain." 348 U.S. at 181–82.

See also *Parkinson v. April Industries, Inc.,* 520 F.2d 650, 660 (2 Cir.1975) (Friendly, J., concurring). This theory may well prove as unworkable in practice as the death knell doctrine, see *Parkinson, supra,* 520 F.2d at 656 n.6, 658–61;

In the instant case injunctive relief is not the heart of the complaint. Plaintiffs claim damages of $500,000. Compare *Jones v. Diamond, supra,* 519 F.2d at 1095–96 & n.9. Furthermore, although we cannot predict what will be the ultimate scope of injunctive relief if plaintiffs should prevail on the merits, from our present vantage point we hold that the decision of the district court denying plaintiffs' motion for class action certification was not tantamount to denial of an injunction.

Appeal dismissed.

---

*Shayne v. Madison Square Garden Corp.,* 491 F.2d 397, 400 (2 Cir.1974); *Hackett v. General Host Corp.,* 455 F.2d 618, 621 (3 Cir.), *cert. denied,* 407 U.S. 925 (1972).

There is also the consideration of fairness as between the putative class and the party opposing the class, see *Korn v. Franchard Corp.,* 443 F.2d 1301, 1307 (2 Cir.1971) (Friendly, J., concurring). Under any theory allowing appeal from denial of class status but not from class certification, the party opposing the class does not have equal access to review. See also *Parkinson, supra,* 520 F.2d at 655–58 & n.6, 659; *Eisen v. Carlisle & Jacquelin (Eisen III),* 479 F.2d 1005, 1007 n.1 (2 Cir.1973), *vacated on other grounds,* 417 U.S. 156 (1974); *Hackett, supra,* 455 F.2d at 622.