Richard THOMPSON and Tillman Locklear, and on behalf of all others similarly situated, Plaintiffs,

v.

AMERICAN CHAIN & CABLE COMPANY, INC., and Horst Glagowski, Defendants.

Civ. No. B–77–226.

United States District Court, D. Connecticut.

Dec. 3, 1979.

Michael P. Koskoff, Koskoff, Koskoff & Bieder, Bridgeport, Conn., for plaintiffs.

Edward Maum Sheehy, Dwight F. Fanton, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., Peter F. Healey, pro hac vice, Reed, Smith, Shaw & McClay, Len Scheinholtz, pro hac vice, Bernard J. Casey, Daniel A. Masur, Washington, D.C., for defendants.

## RULING ON DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS

EGINTON, District Judge.

 This is an action brought pursuant to Title VII of the 1964 Civil Rights Act, 42

U.S.C. §§ 2000e *et seq., as amended*, and 42 U.S.C. § 1981. Plaintiffs seek injunctive and declaratory relief and damages for racially discriminatory employment practices allegedly taken against them as employees of the defendant, American Chain & Cable Company ("ACCO").[1] In addition, they seek to represent a class defined in the complaint as consisting of "all blacks against whom the defendant has discriminated or might in the future discriminate on the basis of race in the opportunities for and/or the terms and conditions of employ-ment."

The defendants have moved to strike the class allegations.[2] They argue that plaintiffs' proposed class does not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. This Court agrees, since plaintiffs have failed to sustain their burden of proving that the class, properly defined, "is so numerous that joinder of all members is impracticable." Fed. R.Civ.P. 23(a)(1). *See DeMarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968).

The named plaintiffs are two black males who were formerly employed by the defendant ACCO. Neither of the two was denied employment, and thus, neither is a member of a class of black applicants who were denied employment or deterred from applying for employment allegedly on the basis of race. The questions presented, therefore, are whether the named plaintiffs may represent (1) blacks who were rejected for employment or who were deterred from applying for employment with the defendant ACCO and (2) blacks against whom the defendants might in the future discriminate on the basis of race.

With respect to the first category, a determination of whether the named plaintiffs may represent rejected applicants or "chilled" nonapplicants turns on the proper interpretation of the Supreme Court's decision in *East Texas Motor Freight Sys., Inc. v. Rodriquez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). In *Rodriquez*, the Court emphasized that class representatives must "possess the same interest and suffer the same injury" as the class members they seek to represent. *Id.* at 403, 97 S.Ct. at 1896. Although there is a conflict in post-*Rodriquez* decisions as to whether plaintiffs who have allegedly suffered one form of discrimination may represent the claims of those who have allegedly suffered other forms of discrimination not suffered by the named plaintiffs, the clear weight of authority is that they must. *See, e. g., Scott v. University of Delaware*, 601 F.2d 76 (3d Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979); *Armour v. City of Anniston*, 597 F.2d 46 (5th Cir.), *rehearing denied*, 604 F.2d 671 (1979); *Hill v. Western Elec. Co.*, 596 F.2d 99 (4th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979). This same rule has also been adopted in this district in two pre-*Rodriquez* decisions. *Fernandez v. Avco Corp.*, 14 F.E.P. Cases 1004 (D.Conn.1977); *Williams v. Wallace Silversmiths, Inc.*, 75 F.R.D. 633 (D.Conn.1976), *appeal dismissed*, 566 F.2d 364 (2d Cir. 1977).

In the present case, the claims of the named plaintiffs clearly do not have commonality or typicality with the claims of those persons denied employment or deterred from seeking employment sufficient to satisfy the requirements of Fed.R.Civ.P. 23(a)(2) & (3). Accordingly, the putative class cannot include persons denied employment or deterred from seeking employment.

Similarly, with respect to the second category this Court finds no basis for including future discriminatees in the putative class.

---

1. At the time of the filing of this action, the named plaintiffs were employed, albeit in different capacities, by defendant ACCO at its Wilson Instrument Division in Bridgeport, Connecticut. Both have subsequently been terminated by ACCO. Their termination does not affect their ability to maintain this action. *See Morris v. Connecticut General Ins. Corp.*, 19 F.R.Serv.2d 1032 (D.Conn.1975).

2. It is well-settled that a party may seek a determination under Fed.R.Civ.P. 23(c)(1) that a suit not be maintained as a class action. *See* 3B *Moore's Federal Practice* ¶ 23.50 at 419–21 and cases cited therein.

Not only would these "parties" be wholly speculative, but any injunctive or declaratory relief granted to the named plaintiffs here would redound to the benefit of future applicants in any event. *See Scott v. University of Delaware, supra; Vulcan Soc'y v. Civil Serv. Comm'n,* 490 F.2d 387 (2d Cir. 1973); *Timpano v. East Ramapo Cent. School Dist.,* 20 F.E.P. Cases 652, 653 (S.D. N.Y.1979); *Williams v. Wallace Silversmiths, Inc., supra,* at 636. *Cf. Mathews v. Diaz,* 426 U.S. 67, 71 n. 3, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976).

■ Thus, the exclusion of future discriminatees limits the putative class to present and former black employees. Once the class has been so defined, the serious numerosity problem becomes apparent. The defendants contend, and the plaintiffs apparently concede, that the outside limit of the class would be twenty-two members.[3] In view of the small number of potential plaintiffs, certification of this class is inappropriate. "Although there is no specific number which will demonstrate numerosity, the trend has been to regard classes of approximately 30 or less as not being sufficiently numerous." B. Schlei & P. Grossman, *Employment Discrimination Law* (1979 Supp.) at 279 (footnotes omitted). *See Ewh v. Monarch Wine Co.,* 73 F.R.D. 131, 133 (E.D.N.Y.1977) (employment discrimination involving thirty-four to fifty women not numerous enough for class); *Williams v. Wallace Silversmiths, Inc., supra,* at 636 (37 persons not too numerous for joinder). There is no reason why plaintiffs cannot assert their claims of alleged discrimination as individuals, and why other class members, if so advised, cannot apply for intervention. Fed.R.Civ.P. 24.[4]

Defendants' Motion to Strike Class Allegations is granted.

---

**3.** Although the defendants have raised serious questions concerning the appropriate cut-off date and the issue of whether the proposed class can include persons outside the manufacturing unit of the Wilson Instrument Division, this Court does need to resolve these questions. The Court will assume, for the purposes of this ruling, that the outside limit of twenty-two is indeed correct.

**4.** This conclusion is reinforced by the fact that the plaintiffs' claims of discrimination appear to be highly individualized and based on circumstances unique to themselves. Furthermore, there is little in the record, to date, to support a claim that the alleged discrimination is systemic in nature. As such, individual resolution of the various claims is the appropriate course.