**HUDSON LUMBER CO. et al. v. UNITED STATES PLYWOOD CORPORATION et al.**

No. 12429.

United States Court of Appeals, Ninth Circuit.

May 5, 1950.

Bruner & Gilmore, San Leandro, Cal., McKee, Tasheira & Wahrhaftig, Ridley Stone, Jr., Oakland, Cal., for appellants.

McMicken, Rupp & Schweppe, Alfred J. Schweppe, Seattle, Washington, Krause, Hirsch, Levin & Heilpern, Raymond T. Heilpern, New York City, Pillsbury, Madison & Sutro, Eugene M. Prince, San Francisco, Cal., for appellees.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an interlocutory order in an action brought by appellants, Hudson Lumber Company and Elkins Sawmill, Inc., against appellees, United States Plywood Corporation and Shasta Plywood, Inc. The action was brought in the Superior Court of Alameda County, California, but, on petition of appellees, was removed from that court to the United States District Court for the Northern District of California.

930

■ The order stayed the trial of the action on application of appellees pursuant to 9 U.S.C.A. § 3.[1] Such a stay is, in effect, an injunction.[2] Hence the order was appealable.[3]

The complaint alleged, in substance, that Hudson Lumber Company and United States Plywood Corporation made an agreement in writing on December 9, 1947, and that Elkins Sawmill, Inc., and Shasta Plywood, Inc., had some interest in the agreement. A copy of the agreement was attached to the complaint. The complaint quoted the provisions of paragraphs 3(a) (ii) and 3(a) (vi) of the agreement, alleged that there was an actual controversy between appellants and appellees as to the meaning, effect and operation of the quoted provisions and prayed for a "decree of the [District] Court determining and declaring the rights and duties of the parties under said [agreement], and particularly the true meaning, effect and application of the said quoted provisions thereof * * and settling and determining said controversy."

Obviously, the issue upon which the action was brought[4] was as to the construction and operation of paragraphs 3(a) (ii) and 3(a) (vi) of the agreement and the respective rights and liabilities thereunder.

Paragraph 10 of the agreement provided: "It is hereby agreed that in case any disagreement or difference shall arise at any time hereafter between either of the parties hereto in relation to this agreement, either as to the construction or operation thereof, or the respective rights and liabilities thereunder, such disagreement shall be submitted to arbitration in the State of California, pursuant to the Rules of the American Arbitration Association as then in effect, but nothing herein shall be deemed to preclude either party from seeking injunctive relief to prevent irreparable injury by reason of a claimed breach of this agreement."

There was no claimed breach of the agreement. Hence appellants had no occasion to, and did not in fact, seek injunctive relief to prevent irreparable injury by reason of any such claimed breach. They did, in their complaint, seek injunctive relief, but, instead of seeking such relief to prevent irreparable injury by reason of a claimed breach of the agreement, they sought it to prevent the arbitration provided for in paragraph 10—which, obviously, they had no right to do—and to prevent appellees from "commencing other actions or proceedings pending determination of this action, to enforce or recover their claimed rights under the matter in controversy" and from "canceling or attempting to cancel or declare forfeit the rights and interests of [appellants] under said [agreement] by reason of any claimed default resting in [appellees'] contentions as to the matter in controversy."

The complaint did not allege that appellees had commenced or threatened to commence any action or proceeding "to enforce their claimed rights under the matter in controversy," or that appellees had canceled or attempted or threatened to cancel, or had declared or attempted or threatened to declare forfeit, any right or interest of appellants under the agreement.

1. Section 3 provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

2. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Gatliff Coal Co. v. Cox, 6 Cir., 142 F.2d 876; International Union United Furniture Workers v. Colonial Hardwood Flooring Co., 4 Cir., 168 F.2d 33; American Locomotive Co. v. Chemical Research Corp., 6 Cir., 171 F.2d 115.

3. See 28 U.S.C.A. § 1292 and cases cited in footnote 2.

4. See 9 U.S.C.A. § 3.

In short, the complaint alleged no facts entitling appellants to injunctive relief.

The complaint did not allege that appellees were in default in proceeding with the arbitration [5] provided for in paragraph 10. Appellees, in support of their application for a stay, filed an affidavit of M. A. Marquis, counsel for appellees, stating that appellants had "made no demand or request for arbitration," and that appellees were "ready and willing to proceed with arbitration of the issue involved." These statements were not controverted.

█ The District Court correctly concluded that the issue upon which the action was brought was referable to arbitration under paragraph 10, that appellees were not in default in proceeding with such arbitration, and that the trial of the action should be stayed.

Order affirmed.