BALTIMORE CONTRACTORS, INC. *v.* BODINGER.

No. 31. Argued November 9, 1954.—Decided January 10, 1955.

*Morris Rosenberg* argued the cause for petitioner. With him on the brief was *George Brussel, Jr.*

*Charles Wilson* argued the cause and filed a brief for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

The question in this case is whether an appeal may be taken to a court of appeals from a district court order refusing to stay an action for an accounting pending arbitration.

This equitable action was brought in a state court for an accounting of the profits of a joint venture in construction under the National Housing Act, and was removed to a federal district court on the basis of diversity of citizenship. Under the joint venture agreement, Baltimore

Contractors agreed to pay the respondent twenty-five percent of the net profits on its construction contracts. The provision under which arbitration was sought reads as follows:

> "In the event of any dispute in the calculation of the net profits under this Paragraph, Frenkil shall select either Wooden and Benson or Haskins and Sells or an accountant or auditor named by either of them whose determination of all such disputes shall be final and binding upon all parties to the dispute."

The complaint alleged a number of improper practices on the part of Contractors: the use of "dummy" corporations to inflate costs; charges for machinery and material purchases without credits for value or surpluses after completion of the job; receipt of undisclosed rebates; excessive charges and rental for equipment; padded insurance costs, etc.

The petitioner moved for a stay of the action pursuant to § 3 of the United States Arbitration Act, 9 U. S. C. § 3, which authorizes a stay by a federal court when an issue is "referable to arbitration under an agreement in writing for such arbitration." The District Court refused the stay on the ground that the agreement between the parties did not constitute an agreement to arbitrate. The court apparently construed the quoted provision as limited to mathematical disputes. Petitioner appealed to the Court of Appeals for the Second Circuit. On respondent's motion the Court of Appeals dismissed the appeal, citing *Morgantown* v. *Royal Ins. Co.*, 337 U. S. 254. Certiorari was sought on the following question:

> "Whether in an action for an *accounting* an interlocutory order denying a stay under Section 3 of the United States Arbitration Act should be regarded as a denial of an injunction from which an appeal lies."

In view of the conflict between the decision below and *Hudson Lumber Co.* v. *United States Plywood Corp.*, 181 F. 2d 929, we granted the petition, 347 U. S. 942.[1]

Congress has long expressed a policy against piecemeal appeals. The reasons for such a policy were stated as follows:

> "From the very foundation of our judicial system the object and policy of the acts of Congress in relation to appeals and writs of error, (with the single exception of a provision in the act of 1875 in relation to cases of removal, which was repealed by the act of 1887,) have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal." *McLish* v. *Roff*, 141 U. S. 661, 665–666.[2]

Section 22 of the Judiciary Act of 1789, 1 Stat. 73, 84, provided that appeals in civil actions could be taken to the circuit courts only from final decrees and judgments.[3] That requirement of finality has remained a part of our

---

[1] The *Hudson Lumber Co.* case was a suit for a declaratory judgment as to the meaning of certain contract provisions with a prayer for incidental injunctive relief. Appeal was allowed by the Court of Appeals from the District Court order staying the trial pending resort to arbitration as required by the contract.

[2] See *Catlin* v. *United States*, 324 U. S. 229, 233–234; *United States* v. *Bailey*, 9 Pet. 238, 273.

[3] This enlarged the English rule for there interlocutory appeals were allowed in equity, although not at common law. 1 Holdsworth's History of English Law 214; Crick, The Final Judgment as a Basis for Appeal, 41 Yale L. J. 539, 540–548, 551. Section 22 was rigorously enforced. *Rutherford* v. *Fisher*, 4 Dall. 22; *Young* v. *Grundy*, 6 Cranch 51. Fragmentary appeals were denounced. *Canter* v. *American Ins. Co.*, 3 Pet. 307, 318; *United States* v. *Bailey*, 9 Pet. 238, 273.

law ever since, and now appears as § 1291 of the Judicial Code.[4]

The trial court's interpretation of the quoted contract clause and its order denying a stay could not be called a final decision under § 1291. It was as surely an interlocutory order as the District Court's order in *Shanferoke Corp.* v. *Westchester Corp.*, 293 U. S. 449, 451.[5]

---

[4] 28 U. S. C. § 1291:

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court."

The statutory limitation of appeals to final decisions, *i. e.*, judgments and decrees, *Ex parte Tiffany*, 252 U. S. 32, 36, has called for determinations of the characteristics of finality. *Stack* v. *Boyle*, 342 U. S. 1, 6; *Roberts* v. *U. S. District Court*, 339 U. S. 844, 845; *Swift & Co.* v. *Compania Caribe*, 339 U. S. 684, 688; *Cohen* v. *Beneficial Loan Corp.*, 337 U. S. 541, 546; *Cogen* v. *United States*, 278 U. S. 221. Cf. *Bandini Co.* v. *Superior Court*, 284 U. S. 8, 14–15; *Radio Station WOW* v. *Johnson*, 326 U. S. 120, 124; *Montgomery Union* v. *Ledbetter Co.*, 344 U. S. 178. See Underwood, Appeals in the Federal Practice from Collateral Orders, 36 Va. L. Rev. 731.

The concept of finality does not require a judgment completely disposing of every matter or issue that arises in the litigation. Some collateral issues may become "so severed . . . as to permit an appeal." *Cobbledick* v. *United States*, 309 U. S. 323, 328.

[5] *Shanferoke Corp.* v. *Westchester Corp.*, 293 U. S. 449, was a suit at common law to recover damages for breach of a contract containing an arbitration clause. A motion was made to stay the suit until arbitration. The motion was denied because the trial court thought the arbitration clause applicable only to New York litigation. This Court held that the order was interlocutory and was appealable under § 129 of the Judicial Code of 1911, the predecessor of 28 U. S. C. § 1292 (1). The ruling followed *Enelow* v. *New York Life Ins. Co.*, *infra*, p. 182.

*Wilko* v. *Swan*, 201 F. 2d 439, reversed on issues not pertinent here, 346 U. S. 427, was a suit for statutory damages. It allowed an

The question here presented involves the interpretation of 28 U. S. C. § 1292 (1) which makes an exception to the requirement of finality, permitting appeals from "interlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Appealability here turns on whether the District Court's refusal to stay this trial for arbitration was the refusal of an "injunction" under § 1292.

The provision for interlocutory appeals was first introduced in 1891 when the circuit courts of appeals were established as intermediate appellate courts. 26 Stat. 826. Section 7 of that Act allowed appeals from interlocutory orders in equity "granting or continuing" injunctions, but from those only. Additions to the class of appealable interlocutory orders were made from time to time until the enactment of § 1292 in its present form.[6]

----

appeal under 28 U. S. C. § 1292 to the Court of Appeals from a District Court interlocutory order refusing a stay sought pursuant to the United States Arbitration Act, 9 U. S. C. § 3. The *Shanferoke* case was cited.

[6] In 1895, § 7 was amended to permit an appeal from interlocutory orders refusing or dissolving injunctions, or refusing to dissolve an injunction. 28 Stat. 666. A further amendment was made in 1900 to include certain orders in receiverships. 31 Stat. 660. This amendment had the effect of repealing the 1895 provision which was restored in § 129 of the Judicial Code of 1911. 36 Stat. 1087, 1134. See Frankfurter and Landis, The Business of the Supreme Court, 124–127. The amendment of 1925, 43 Stat. 937, made two changes: First, it embraced orders modifying or refusing to modify injunctions and expanded the number of orders in receiverships which were appealable. Second, it dropped the words "in equity" from the phrase "where upon a hearing in equity in a district court" which had been employed since the initial enactment of § 7 in 1891. No change was intended by that omission. *Schoenamsgruber* v. *Hamburg Line*, 294 U. S. 454, 457, n. 3. In 1927, provision was made for interlocutory appeals in patent cases which are final save for an accounting, 44

No discussion of the underlying reasons for modifying the rule of finality appears in the legislative history, although the changes seem plainly to spring from a developing need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.[7] When the pressure rises to a point that influences Congress, legislative remedies are enacted. The Congress is in a position to weigh the competing interests of the dockets of the trial and appellate courts, to consider the practicability of savings in time and expense, and to give proper weight to the effect on litigants. When countervailing considerations arise, interested parties and organizations become active in efforts to modify the appellate jurisdiction.[8] This Court, however, is not authorized to approve or declare judicial modification. It is the responsibility of all courts to see that no unauthorized extension or reduction of jurisdiction, direct or indirect, occurs in the federal system. *Shanferoke Corp.* v. *Westchester Corp.*, 293 U. S. 449, 451. Any such *ad hoc* decisions disorganize practice by encouraging attempts to secure or oppose appeals with a consequent waste of time and money. The

---

Stat. 1261. Interlocutory appeals in bankruptcy cases are covered by § 24 of the Bankruptcy Act, 11 U. S. C. § 47.

Compare Fed. Rules Civ. Proc., 54 (b), and see *Dickinson* v. *Petroleum Conversion Corp.*, 338 U. S. 507.

[7] Statutory provisions for interlocutory appeals have been enacted in Great Britain. See the Judicature Act of 1925, Law Reports 1925 (2), 15 & 16 Geo. V, c. 49, § 31; 19 Halsbury's Laws of England (2d ed.) 209.

[8] See Hart and Wechsler, The Federal Courts and the Federal System, Note on Rule 54 (b) and Review of Interlocutory Orders, 1344; Proposals for Interlocutory Appeals, 58 Yale L. J. 1186. See Report of the Proceedings of the Annual Meeting of the Judicial Conference of the United States for Sept. 24–25, 1953, p. 27, Report of Committee on Enlargement of Scope of Appeals from Interlocutory Orders, with proposed amendment to § 1292. This was transmitted to Congress, 100 Cong. Rec. 1079 and 1168.

choices fall in the legislative domain. They are enlarge-
ment of the allowable list of appealable interlocutory
orders; abandonment of fragmentary appeals; or a gen-
eral allowance of such appeals in the discretion of the
trial judge upon findings of need, with or without the
consent or approval of the appellate court.

A series of decisions of this Court has developed the
rationale for determining the appealability of such an
interlocutory order as this under § 1292 and its prede-
cessors. The appealability of routine interlocutory
injunctive orders raised few questions. See *George* v.
*Victor Co.*, 293 U. S. 377. There the statute was
clear. It was when stays of proceedings, in distinction
to injunctions, were appealed that the issue of juris-
diction became sharp. In *Enelow* v. *New York Life Ins.
Co.*, 293 U. S. 379, a case arising when federal courts had
actions at law and proceedings in equity, a complaint at
common law on a life insurance policy was met by an
answer alleging fraud in the policy's procurement with a
prayer for its cancellation and a motion to try the
equitable issue first. The motion was granted, and juris-
diction on appeal from that order was approved on this
reasoning:

> "The power to stay proceedings in another court ap-
> pertains distinctively to equity in the enforcement of
> equitable principles, and the grant or refusal of such
> a stay by a court of equity of proceedings at law is
> a grant or refusal of an injunction within the mean-
> ing of § 129 [§ 1292]. And, in this aspect, it makes
> no difference that the two cases, the suit in equity
> for an injunction and the action at law in which
> proceedings are stayed, are both pending in the same
> court, in view of the established distinction between
> 'proceedings at law and proceedings in equity in the

national courts and between the powers of those courts when sitting as courts of law and when sitting as courts of equity.' Per Van Devanter, J., in *Griesa* v. *Mutual Life Ins. Co.*, 165 Fed. 48, 50, 51." 293 U. S., at 382.[9]

After the adoption of the one form of action by the Fed. Rules Civ. Proc., 2, we reiterated this ruling in a like case. *Ettelson* v. *Metropolitan Ins. Co.*, 317 U. S. 188. We said a stay of the complaint until disposition of the fraud issue "is as effective . . . as an injunction . . . . The statute looks to the substantial effect of the order made."

The point was made in the *Enelow* case that power to stay mere steps within the framework of the litigation before a court differs as to appealability from an injunction prohibiting proceedings in another court. This distinction was applied in *Morgantown* v. *Royal Ins. Co.*, 337 U. S. 254. There the insurance company brought a suit for reformation of the contract. The insured counterclaimed, seeking to enforce the contract as written, and demanded a jury trial; the company moved to strike the demand; the court granted the motion and set the case for trial to the court without a jury. The insured appealed and the Court of Appeals dismissed the appeal. We affirmed, holding that the *Enelow* rule did not apply; that since this was an equitable proceeding with a counterclaim to enforce the policy, the decision to hear the reformation issue first without a jury was only a decision as to how to try the case, and therefore was not an interlocutory order in the nature of an injunction. To the argument that the importance of a jury trial justified

---

[9] Cf. *Schoenamsgruber* v. *Hamburg Line*, 294 U. S. 454, 457, where a stay in admiralty for arbitration was held not appealable as an injunction but only an order as to the course of trial.

treating the order of trial as an interlocutory injunction, we answered:

> "Many interlocutory orders are equally important, and may determine the outcome of the litigation, but they are not for that reason converted into injunctions." 337 U. S., at 258.

The *Morgantown* case controls here.[10] Whether the District Court was right or wrong in its ruling that the contract provision did not require arbitration proceedings, it was simply a ruling in the only suit pending, actual or fictional. It was a mere order and not an injunction as that word is understood through the *Enelow* and the *Ettelson* cases as a stay through equitable principles of a common-law action. This present case is to be distinguished from the *Shanferoke* case, *supra*, note 5, in the same way. There in a common-law action a motion for an interlocutory injunction on an equitable defense was refused. The order was appealable under Judicial Code § 129. This Court said:

> "For the reasons stated in *Enelow* v. *New York Life Ins. Co.*, decided this day, *ante*, p. 379, an order granting or denying a stay based on an equitable defense or cross-bill interposed in an action at law under § 274b, is appealable under § 129." 293 U. S., at 452.

The reliance on the analogy of equity power to enjoin proceedings in other courts has elements of fiction in this day of one form of action  The incongruity of taking jurisdiction from a stay in a law type and denying jurisdiction in an equity type proceeding springs from the persistence of outmoded procedural differentiations. Some simplification would follow from an assumption or denial of jurisdiction in both. The distinction has been

---

[10] Cf. Moore's Commentary on the U. S. Judicial Code, 492.

applied for years, however, and we conclude that it is better judicial practice to follow the precedents which limit appealability of interlocutory orders, leaving Congress to make such amendments as it may find proper.

It is difficult to generalize as to whether interlocutory appeals are or are not advantageous to an efficient administration of justice. A compromise has been worked out by Congress through § 1292. But that compromise does not authorize appeals to simplify litigation. This ruling was a step in controlling the litigation before the trial court, not the refusal of an interlocutory injunction.

*Affirmed.*

MR. JUSTICE BURTON concurs in the judgment of the Court.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS concurs, dissenting.

I think the District Court's order denying a stay is appealable because it is (1) "final" within the meaning of 28 U. S. C. § 1291 and (2) a refusal to grant an interlocutory injunction within the meaning of § 1292. As the Court admits, a collateral issue may be so severable and unrelated to central trial issues that a judgment on the collateral issue is considered "final" and appealable under § 1291, even though other important issues are left undecided. Given this common sense meaning § 1291 authorizes the present appeal. For certainly decision of whether a judicial rather than an arbitration tribunal shall hear and determine this accounting controversy is logically and practically severable from the factual and legal issues crucial to determination of the merits of the controversy. And this Court has held that § 1292 makes all stay orders appealable that have the substantial effect of interlocutory injunction orders. *Ettelson* v. *Metropoli-*

*tan Ins. Co.,* 317 U. S. 188.   The refusal to stay here had that effect.   Indeed, the Court seems to admit that this order refusing a stay would be appealable had it been entered by another judge not presiding in this particular case.   I agree with the Court that this jurisdictional "incongruity . . . springs from the persistence of outmoded procedural differentiations" that have "elements of fiction" in this modern day.   I do not agree that the Court's obeisance to these incongruous fictions is required by congressional enactments.

The Court relies on a purpose of Congress to avoid a waste of time and money incident to repeated "piecemeal" appeals in the same suit.   But, as pointed out, Congress, in §§ 1291 and 1292, has left the way open for the appeal of many judgments finally deciding collateral and severable issues separately adjudicated in a case.   Any rigid rule to the contrary would itself guarantee useless delays and expenses.   For two trials, one unnecessary, may take longer and cost more than two appeals where one would do.   Take this case for example.   It must now go back for a court accounting trial which could be time-consuming and expensive to litigants and to the Government. And should petitioner lose on the merits it could undoubtedly appeal.   On that review the first question for the appellate court would be whether the order denying arbitration, which the Court now refuses to consider, was right or wrong.   If found wrong, the trial court's judgment on the merits would have to be vacated and the case again sent back for determination on the merits—this time by arbitration.   In that event the trial the Court now orders will have been wholly futile—not even the litigant who now appears to be successful will have gained anything from it, unless perchance he stands to profit from delay.   There is some difficulty, at least, in laying this wasteful procedure at the door of Congress.