ALLIED AIR FREIGHT, INC. and Allied Air Freight International Corp., Plaintiffs-Appellants,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant-Appellee.

ALLIED AIR FREIGHT, INC. and Allied Air Freight International Corp., Petitioners,
for an order in the nature of a writ of mandamus directed to the

Honorable Edmund L. PALMIERI, United States District Judge for the Southern District of New York, Respondent.

Dockets 29016, 29225.

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1964.

Decided Jan. 13, 1965.

Milton Horowitz, New York City, for plaintiffs-appellants in No. 29016 and for petitioners in No. 29225.

Cleary, Gottlieb, Steen & Hamilton, New York City (Fowler Hamilton, George Weisz, New York City, of counsel), for defendant-appellee in No. 29016 and for respondent in No. 29225.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Allied Air Freight, Inc. and Allied Air Freight International Corp. seek to ap-

peal from an order of the district court below that does not finally adjudicate the merits of plaintiffs' claim that defendant is liable to them in treble damages under Sections 1 and 2 of the Sherman Antitrust Act and Section 4 of the Clayton Act.

In the belief that the nature of plaintiffs' allegations are such that the Civil Aeronautics Board should have an opportunity to decide whether it may wish to consider them, the court below, in a lengthy opinion discussing the authorities in the primary jurisdiction area, stayed the antitrust action until plaintiffs should exhaust their available remedies before the CAB.

■ Obviously, the stay order, as well as not adjudicating upon plaintiffs' claims, does not finally dispose of the district court suit or necessarily preclude a sometime trial in that forum of plaintiffs' claims. The order below only provides that the case is not to be brought forward on the docket until the Board is given an opportunity to consider what, if any, attention it may accord the litigation, and has exhausted that opportunity.

This type of docket order in a case which defers action for the time being is not an injunction order contained within an interlocutory order at law such as to permit an appeal from the granting or the denial of an injunction pursuant to 28 U.S.C. § 1292(a) (1). See 6 Moore, Federal Procedure § 54.07 at p. 48. Such an order is only a step in the action. See majority and concurring opinions in Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, etc., 269 F.2d 618 (2 Cir. 1959). Under Section 1292(a) (1) an order staying proceedings, to be appealable, must have stayed a legal action to allow prior trial of an equitable defense or counterclaim. See

Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955); Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). But the weight of authority has refused to equate administrative proceedings which have been allowed priority with historical equity actions. New York, N. H. & H. R. Co. v. Lehigh & New England R. Co., 287 F.2d 678 (2 Cir. 1961); Chronicle Publishing Co. v. National Broadcasting Co., 294 F.2d 744 (9 Cir. 1961). Recognizing this to be so, plaintiffs-appellants twice sought from the presiding judge an interlocutory appeal certificate pursuant to § 1292(b) which was twice refused.

Therefore, for lack of appellate jurisdiction, we grant defendant's motion to dismiss plaintiffs' purported appeal.

Plaintiffs also petition us to permit them to prosecute their appeal *in forma pauperis* and upon typewritten papers. As we have ordered that their appeal be dismissed we dismiss this petition as moot.

■■ Plaintiffs have also petitioned us to issue an order in the nature of a writ of mandamus directed to the judge below to vacate his stay order. This attempt to obtain an immediate resolution by us of the propriety of an unappealable order is denied, for mandamus is "meant to be used only in the exceptional case where there is clear abuse of discretion or 'usurpation of judicial power' * * *." Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953). This is not such a case.

See Slick Airways, Inc. v. Amercan Airlines, Inc. et al., cited also as American Airlines, Inc. et al. v. Forman, Judge, 204 F.2d 230 (3 Cir. 1953), cert. denied, 346 U.S. 806, 74 S.Ct. 54, 98 L.Ed. 336.