350 F.2d 871
 ETS-HOKIN & GALVAN, INC., a California corporation, and The
Travelers Indemnity Company, a Connecticut
corporation, Appellants,
v.
UNITED STATES of America, for the Use and Benefit of ALBERT
S. PRATT, INC., a corporation, Appellee.
 No. 19828.
 United States Court of Appeals Ninth Circuit.
 Sept. 20, 1965.
 
 Laurence Walker, Feldman & Waldman, San Francisco, Cal., Langerman & Begam, Phoenix, Ariz., for appellants.
 Michael T. LeSage, Pasadena, Cal., for appellee.
 Before CHAMBERS, BASTIAN and KOELSCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 We hold on the facts here that the order of the district court denying a stay of proceedings pending arbitration was appealable. We interpret Shanferoke Coal and Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, and Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, as permitting the appeal of the order refusing to stay this action under the Miller Act pending arbitration.
 
 
 2
 We find no sound distinction between whether an action is one at law or is founded upon a statute and none is suggested in Baltimore Contractors, supra. Compare Wilko v. Swan, 2nd Cir. 1953, 201 F.2d 439, reversed on other grounds, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168. (Order denying motion for stay pending arbitration, in action under Securities Act of 1933 held appealable).
 
 
 3
 However, the possibility exists that out of certain suits filed in the state courts of Arizona, Ets-Hokin has waived the right to arbitrate. This we do not decide. We are told that there is enough in the record to permit us to decide the point. Perhaps, one party or the other is at fault in not supplying the district court with the full records of the state actions. Perhaps, between the parties, if the record made is incomplete, we would be justified in proceeding to decision. This might be done by faulting one party or by a determination that counsel have made enough statements in briefs and argument to give us the facts.
 
 
 4
 However, there is the duty of according the coordinate jurisdiction of Arizona the respect its proceedings deserve. When the records of the Arizona cases presumably can be easily obtained, they should be brought into the district court.
 
 
 5
 The order appealed from is vacated and the case remanded for proceedings consistent with this opinion.