**BOGUE ELECTRIC MANUFACTURING COMPANY, Appellee,**

v.

**The TMC SYSTEMS AND POWER CORPORATION, Appellant.**

**No. 71-1937.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1972.

Decided April 5, 1972.

Paul J. Walstad, McLean, Va. (Lewis, Mitchell & Moore, McLean, Va., on brief), for appellant.

Edward A. Groobert, Washington, D. C. (Bennett Boskey, Volpe, Boskey & Lyons, Washington, D. C., William W. Koontz, and Boothe, Prichard & Dudley, Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and RUSSELL, Circuit Judges.

PER CURIAM:

Bogue Electric Manufacturing Company (Bogue) sued The T.M.C. Systems and Power Corporation (TMC) to re-cover amounts allegedly due from TMC to Bogue under a contract between them for Bogue's performance of the contract and TMC's breach of the contract. Their contract was in fact a subcontract of part of TMC's contract with the Navy which TMC was claiming was terminated by the Navy under circumstances entitling TMC to substantial recovery.

Because TMC was litigating its claim against the Navy before the Armed Services Board of Contract Appeals (ASBCA) it moved the district court to stay Bogue's action until TMC's proceeding before ASBCA was finally determined. As a second reason for a stay, TMC contended that there was an arbitration clause in the contract between Bogue and it, so that it was entitled to a stay under 9 U.S.C.A. § 3.

The district court ruled that there was an arbitration clause in the contract between TMC and Bogue but that it had not been invoked by TMC in its proceeding before ASBCA. It, therefore, denied the stay.

While in TMC's appeal from the denial of the stay it is not altogether clear that presently we have jurisdiction to hear the appeal,* we do not delay decision to have the point briefed and argued because we think that the decision of the district court was correct for the reasons which it assigned. The arbitration clause has not been invoked by TMC's proceeding before ASBCA, although it may yet be invoked with respect to specific items which may be in dispute between Bogue and TMC.

Affirmed.

---

* Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1954). But see, H. W. Caldwell & Son, Inc. v. United States for John H. Moon & Sons, Inc., 407 F.2d 21 (5 Cir. 1969). After the district court entered its or-der denying the stay, TMC sought (and Bogue opposed) a certification for an interlocutory appeal under 28 U.S.C.A. § 1292(b). The district court denied the request.