**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: TOUCH AMERICA HOLDINGS,
INC. ERISA LITIGATION,

_____

ROSS BUCKINGHAM; KIM MORAN;
CHARLES A. PORTER,
        *Plaintiffs-Appellants,*

v.

ROBERT GANNON; JERROLD P.
PEDERSON; PAMELA K. MERRELL;
ELLEN M. SENECHAL; R. W. COPE;
TUCKER HART ADAMS; ALAN F.
CAIN; JOHN G. CONNORS; R. D.
CORVETTE; KAY FOSTER; JOHN R.
JESTER; CARL LEHRKIND, III;
DEBORAH D. MCWHINNEY; NOBLE
E. VOSBURG,
        *Defendants,*

and

THE NORTHERN TRUST COMPANY,
        *Defendant-Appellee.*

No. 08-35059

D.C. No.
CV-02-00106-SEH

4713

In re: Touch America Holdings,
Inc. Erisa Litigation,

---

Ross Buckingham; Kim Moran;
Charles A. Porter,

*Plaintiffs,*

v.

Robert Gannon; Jerrold P.
Pederson; Pamela K. Merrell;
Ellen M. Senechal; R. W. Cope;
Tucker Hart Adams; Alan F.
Cain; John G. Connors; R. D.
Corvette; Kay Foster; John R.
Jester; Carl Lehrkind, III;
Deborah D. McWhinney; Noble
E. Vosburg,

*Defendants-Appellants,*

The Northern Trust Company,

*Defendant-Appellee.*

No. 08-35060

D.C. No.
CV-02-00106-SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
November 17, 2008—Seattle, Washington

Filed April 22, 2009

Before: Alex Kozinski, Chief Judge, Betty B. Fletcher and
Johnnie B. Rawlinson, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Steve Berman and Andrew M. Volk, Hagens Berman Sobol Shapiro LLP, Seattle, Washington; Douglas A. Buxbaum and John M. Fitzpatrick, Buxbaum Daue & Fitzpatrick, Missoula, Montana; Andrew D. Huppert, Missoula, Montana; Thomas M. Peterson, Morgan Lewis & Bockius, LLP, San Francisco, California; and J. Gerard Stranch, IV, James G. Stranch, III

and Jane B. Stranch, Branstetter Stranch & Jennings PLLC, Nashville, Tennessee, for the plaintiffs-appellants.

J. David Jackson and Frederick Matthew Ralph, Dorsey & Whitney, LLP, Minneapolis, Minnesota; Nicole A. Diller and Lisa S. Serebin, Morgan Lewis & Bockius, LLP, San Francisco, California; Patrick T. Fleming, Fleming & O'Leary, Butte, Montana, for the defendants-appellants.

John A. Litwinski and Nancy G. Ross, McDermott Will & Emery, LLP, Chicago, Illinois; and Chris C. Scheithauer, McDermott Will & Emery, LLP, Irvine, California, for the defendant-appellee.

## OPINION

PER CURIAM:

We consider whether we have jurisdiction over an interlocutory appeal from an order disapproving a class settlement.

### Facts

Plaintiffs were employees of the Montana Power Company and participated in its retirement plan. Defendants were the plan's trustee and directors of Montana Power. Plaintiffs allege that defendants mismanaged the plan, in breach of their fiduciary duty. Plaintiffs and the directors negotiated a class settlement, the core of which was a cash payment of nearly all the funds remaining in the directors' fiduciary liability insurance policy. The settlement also included two conditions: First, the directors agreed to cooperate in the ongoing suit against the plan trustee; second, the district court had to bar suits for contribution or indemnity against the directors. The court disapproved the settlement and the parties seek to appeal.

**Analysis**

**[1] 1.** We normally review only "final decisions of the district courts of the United States." 28 U.S.C. § 1291. This reflects a preference against piecemeal appeals as old as the first Judiciary Act. *Baltimore Contractors, Inc.* v. *Bodinger*, 348 U.S. 176, 178 (1955), *rev'd on other grounds*, *Gulfstream Aerospace Corp.* v. *Mayacamas Corp.*, 485 U.S. 271, 282-83 (1988). The parties agree that disapproving a class settlement isn't a final decision.

**[2]** However, we also have jurisdiction to review "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). "Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly," but some disapprovals of class settlements are appealable under the section as orders refusing an injunction. *Carson* v. *American Brands, Inc.*, 450 U.S. 79, 84 (1981). To be immediately appealable, orders disapproving class settlements must satisfy three requirements: "First, the interlocutory order must have the practical effect of denying an injunction. Second, the order must have 'serious, perhaps irreparable, consequence[s].' Finally, the order must be one that can be 'effectively challenged' only by immediate appeal." *EEOC* v. *Pan Am World Airways, Inc.*, 796 F.2d 314, 316 (9th Cir. 1986) (citing *Carson*, 450 U.S. at 83-84).

**[3]** The order here fails to meet the second requirement, so we need not consider the first or the third. The parties offer two reasons why they believe the order's consequences are "serious, perhaps irreparable." First, quoting *Carson*, they contend that the order has "the 'serious, perhaps irreparable, consequence' of denying the parties their right to compromise their dispute on mutually agreeable terms." 450 U.S. at 88. It is of course true that the parties were not permitted to settle the case on terms they found mutually agreeable; that's true

of every order disapproving a proposed settlement. But it's not by itself sufficient to meet the second *Carson* requirement.

**[4]** As *EEOC* explained, *Carson*'s conclusion that the order would have serious and potentially irreparable consequences relied on its further finding that the order "completely foreclosed any further settlement negotiations short of outright admission of [liability] . . . and complete restructuring of the class relief." *EEOC*, 796 F.2d at 317. If the parties are "not being denied the right to settle the case on *any* mutually agreeable terms," but "merely being denied the right to settle the case on the *particular* terms of the current proposed consent decree, which the district court found unreasonable," this is not a sufficiently serious consequence for the order to be appealable. *Id.*

**[5]** Here, the district court did not indicate that it would disapprove of any possible settlement, or even that it absolutely disapproved of any term of the proposed settlement. Rather, the district court found that the particular combination of terms that the parties had agreed upon was unfair to the class. As in *EEOC*, the court's objections to the proposed agreement "focuse[d] primarily on the inadequacy of the monetary settlement." 796 F.2d at 317. The court here explained that "the real . . . significant issue of this proposed settlement is the amount of money to be paid." It characterized the proposed settlement as "three cents on the dollar . . . that's not good in terms of recovery. It's a pittance . . . of the total amount of loss."

**[6]** While the district court also had reservations about the bar order and cooperation provision, it might have been willing to approve those provisions if the monetary settlement had been larger, or to approve the monetary settlement if the other provisions had been absent. The order left the parties free to negotiate a settlement agreement more favorable to the class. *See Grant* v. *Local 638*, 373 F.3d 104, 109 (2d Cir. 2004) (the

parties "may be deprived of [their] opportunity to settle this case . . . on terms as favorable as those contained in the settlement agreement. However . . . more is required in order to find irreparable harm" under *Carson*).

**[7]** The parties' second argument is that the "wasting insurance policy" which was to pay for the settlement will be depleted by further litigation. This is not adequate to show that the order will have serious, perhaps irreparable consequences; the parties have not shown that the insurance fund is the only source for a settlement or recovery. Indeed, one of the district court's principal objections to the agreement was that it limited the monetary settlement to the insurance fund, allowing the defendants to "walk away from this lawsuit with no personal liability." In *Carson*, the refused injunctive relief would have led to an "immediate restructuring of [the employer's] transfer and promotional policies," so the employees were harmed by the continuing effect of the allegedly discriminatory policies. 450 U.S. at 89. Here, the parties simply point to the cost of further litigation; this is not a serious or irreparable consequence. We lack jurisdiction over this appeal.

**[8] 2.** In the alternative, the parties ask us to treat their appeal as a petition for a writ of mandamus. Mandamus is not appropriate here; the district court's order did not constitute "usurpation of judicial power or a clear abuse of discretion." *Cordoza* v. *Pacific States Steel Corp.*, 320 F.3d 989, 998 (9th Cir. 2003).

**DISMISSED.**