NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GALLATIN WILDLIFE ASSOCIATION and YELLOWSTONE BUFFALO FOUNDATION, <br><br>       Plaintiffs-Appellants, <br><br> and <br><br>WILDEARTH GUARDIANS and WESTERN WATERSHEDS PROJECT, <br><br>       Plaintiffs, <br><br>  v. <br><br>UNITED STATES FOREST SERVICE; et al., <br><br>       Defendants-Appellees, <br><br>HELLE LIVESTOCK, a partnership; et al., <br><br>       Intervenor-Defendants-Appellees. | No.   16-35665 <br><br>D.C. No. 2:15-cv-00027-BMM <br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted July 9, 2018

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,** District Judge.

Gallatin Wildlife Association and Yellowstone Buffalo Foundation (collectively "Gallatin") appeal the district court's partial grant of summary judgment in favor of the U.S. Fish and Wildlife Service, the U.S. Forest Service, and Regional Forester Leanne Martin (collectively "Federal Appellees"), and the district court's remand of two of Gallatin's claims to the Forest Service for further environmental review. Federal Appellees argue that we lack jurisdiction over this appeal. Because Gallatin has the burden of establishing our jurisdiction, *see Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016), and Gallatin has not carried its burden, we dismiss this appeal for lack of jurisdiction.[1]

1. Jurisdiction is not available under 28 U.S.C. § 1291 because the district court's June 14, 2016 order is not a "final decision[]." A final decision under § 1291 is "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994)

---

** The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

[1] Big Wild Adventures and Natural Exposures' motion for leave to file an amicus curiae brief (ECF No. 20) is **GRANTED**.

2

(quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).  Partial summary judgment and remand orders are generally not "final decisions" under § 1291.  *See Cheng v. Comm'r*, 878 F.2d 306, 309 (9th Cir. 1989) (partial summary judgment orders); *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1075 (9th Cir. 2010) (remand orders).  And neither is the district court's June 14, 2016 order.

Gallatin has not demonstrated that the district court's partial grant of summary judgment in Federal Appellees' favor is a final decision.  Generally, the party appealing from a partial summary judgment order must "obtain [Federal Rule of Civil Procedure] 54(b) certification in order to appeal."  *Dannenberg*, 16 F.3d at 1075.  But Gallatin did not even attempt to obtain Rule 54(b) certification here.  And, meanwhile, the district court has proceeded as if this case remains pending before it.  The district court's June 14, 2016 order, at the very least, expresses the court's intent to review the Forest Service's subsequent environmental analysis, and the district court's scheduling order ensures that the district court will be able to do so on an expedited basis.  We are therefore unpersuaded that the partial grant of summary judgment "leaves nothing for the court to do."  *See id.* at 1074.

Nor has Gallatin demonstrated that the portion of the district court order that remanded two claims to the Forest Service for further environmental review is a final decision.  We may treat a remand order as a final decision only if "(1) the district court conclusively resolves a separable legal issue, (2) the remand order

3

forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Pit River*, 615 F.3d at 1075 (quoting *Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir. 2004)). But no one argues here that the district court asked the Forest Service to apply a "potentially erroneous rule." The Forest Service is complying with the district court's remand instructions, and the remand order, which instructs the Forest Service to "issue a supplemental EIS" and "conduct a review" of five new issues, is not out of the ordinary.

2. Nor is jurisdiction proper under 28 U.S.C. § 1292(a)(1). Section 1292(a)(1) is an exception to § 1291's final-judgment rule that confers jurisdiction over appeals from interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." 28 U.S.C. § 1292(a)(1). "Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'" *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (alteration in original) (quoting *Baltimore Contractors, Inc. v. Bodinger*,

4

348 U.S. 176, 181 (1955)). Gallatin has not demonstrated that § 1292(a)(1)'s limited exception applies here.

As an initial matter, we are unpersuaded that the district court's June 14, 2016 order amounts to a direct denial of a request for a permanent injunction. At oral argument and in the district court proceedings, Gallatin failed to clearly articulate whether it was seeking a preliminary injunction of sheep grazing pending the Forest Service's further environmental review or whether it sought to enjoin domestic sheep grazing permanently. And the district court order did not make specific findings as to the balance of hardships or the public interest—an omission that counsels against treating the district court's June 14, 2016 order as a direct denial of an injunction.[2]

Nor has Gallatin demonstrated that the June 14, 2016 order is immediately appealable under the three-part test derived from *Carson*. *See* 450 U.S. at 84. To

---

[2] The district court's April 16, 2018 order (Dist. Ct. ECF No. 202), filed while this case was pending on appeal, only further muddies the waters. Without addressing the ambiguity in the June 2016 order, the district court's April 2018 order retroactively characterizes its June 2016 order as a denial of "Plaintiffs' request for Injunction IV." But, even in the April 2018 order, the district court remains unclear about the scope of Gallatin's request for injunctive relief. Although the district court construes Gallatin's motion for an injunction pending appeal as a "motion for reconsideration," the district court fails to appreciate that the injunctive relief that Gallatin subsequently requested—an injunction pending appeal—is not the same as the permanent injunction that it originally requested in its motion for summary judgment. We are therefore unpersuaded that the April 2018 order retroactively renders the June 2016 order an appealable decision.

be appealable under § 1292(a)(1) under this test, the district court's order "must (1) have the practical effect of entering an injunction, (2) have serious, perhaps irreparable consequences, and (3) be such that an immediate appeal is the only effective way to challenge it." *Calderon v. U.S. Dist. Court*, 137 F.3d 1420, 1422 n.2 (9th Cir. 1998) (citing *Carson*, 450 U.S. at 84). Even if we agree that the district court's June 14, 2016 order had the practical effect of denying a preliminary injunction of domestic sheep grazing during the interim period between the date the order issued and the completion of the Forest Service's further environmental review, Gallatin has not demonstrated that "serious" or "irreparable consequences" have resulted or will result from the denial. The district court's expedited scheduling order minimizes the worst potential damage to Gallatin's members, and Gallatin's minimal evidence of disease transmission between domestic sheep and bighorn sheep does not convince us that immediate injunctive relief is warranted.

**Appeal DISMISSED.**