**MERIT STAINLESS STEEL, INC.,**
**Plaintiff-Appellant,**

v.

**NIPPON STAINLESS STEEL CO.,**
**LTD., and Nikko Boeki Kaisha,**
**Ltd., Defendants-Appellees.**

**No. 85–1582.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 19, 1986.
Decided May 11, 1987.

Robert S. Hertzberg, Hertzberg and Golden, Birmingham, Mich., John A. Anderson, argued, for plaintiff-appellant.

Lance Gotthoffer, argued, Gary Adler, New York City, Joseph C. Basta, Cheryl A. Bush, Detroit, Mich., for defendants-appellees.

Before MILBURN and BOGGS, Circuit Judges; and EDWARDS, Senior Circuit Judge.

BOGGS, Circuit Judge.

Merit Stainless Steel bought a large quantity of NAR 160 quality steel under a series of written contracts with defendants Nippon Stainless Steel Co., Ltd. ("Nippon") and Nikko Boeki Kaisha, Ltd. ("NBK"). It now claims that the steel was not of an acceptable quality, and has sued for rescission of the contracts and damages. Each of the contracts contains a clause requiring arbitration in Japan of any dispute if the parties cannot settle amicably. Acting pursuant to this clause, the district court stayed any action in the suit pending the outcome of the arbitration. Merit has taken an interlocutory appeal from this decision. We hold that the judge's order was neither final nor appealable, and we therefore dismiss this appeal.

## I

An order staying litigation pending arbitration is normally considered interlocutory and thus not appealable, since 28 U.S.C. § 1291 allows appeals only from final orders. However, 28 U.S.C. § 1292(a)(1) provides that we do have jurisdiction of an appeal from an interlocutory order of a district court granting or denying or otherwise affecting an injunction. It is well settled, however, that this section is applicable to orders staying a suit pending arbitration only where the relief sought in the underlying action is legal in nature, while such a ruling is not appealable if the underlying action is equitable in nature. *Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017, 1022–23 (6th Cir.1979). While our court noted there that this principle appeared to be "largely an historical anomaly" and noted the Supreme Court's characterization of the distinction as an "incongruity," it clearly ruled that the law was well settled and must be followed. *Id.* at 1022–1023, quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). Furthermore, where a complaint raises both legal and equitable claims, the order is appealable, if at all, only where the "predominant nature" of the action is legal. *See North Supply Co. v. Greater Development & Services Corp.*, 728 F.2d 363, 366–67 (6th Cir.1984). Only in such a case would the stay be treated as an injunction and thus appealable under § 1292(a)(1).

## II

In its complaint, Merit seeks the rescission of all contracts for the NAR 160 quality steel, which contracts are valued by defendants at well over $1,500,000. Such relief would require defendants to refund almost $1,000,000 in cash, and to cancel Merit's obligation to pay more than $700,000 remaining due under the contracts. At the same time, Merit also seeks substantial damages for the breach of contract.

We are thus required to determine whether a claim containing both legal and equitable components should be treated under the rule for legal claims or that for equitable claims. While the term "predominant" as used by our court in *Mansbach* is somewhat ambiguous, the strong weight of authority is that if there is a substantial equitable claim, the entire complaint cannot be deemed to be predominantly legal. *See 9 Moore's Federal Practice*, ¶ 110.20[3] at 240 (2d ed. 1985); *Mellon Bank, N.A. v. Pritchard-Keang Nam Corp.*, 651 F.2d 1244, 1249 (8th Cir.1981). In this case, the rescission claim, implicating as it does essentially the entire dollar value of the contracts in question, cannot be considered insubstantial, frivolous, or *de minimis*.[1]

Further, we believe that this holding is not merely an historical curiosity. The modern view is strongly against piecemeal appeals, and thus strongly in favor of allowing arbitration to proceed, as agreed to by the parties. *Ibid.; North Supply Co.*, 728 F.2d at 368. Where the underlying statute is also against piecemeal appeals and permits only a narrow exception for cases involving injunctions, we should not strain to interpret every stay in a proceeding as an injunction. The long-standing rule set forth in *Mansbach* indicates that our statutory jurisdiction is intended to extend only to a stay pending arbitration in the special case where there is no significant equitable component to the relief sought. Plaintiff's action cannot come within this rubric, and we consequently have no jurisdiction to hear this appeal.

The appeal is DISMISSED.

---

1. The complaint contains a prayer for relief of $150,000,000. However, the mere size of the damages sought cannot be dispositive. If it were, any action could be made "predominantly legal" by just a few strokes of the keyboard.