829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAKRETE, INCORPORATED, Plaintiff-Appellant,
v.
HOMECRAFTERS WAREHOUSE, INC.; The AD Group, Inc.; B-J
Distributors, Inc.; and W.R. Bonsal Company,
Defendants-Appellees.
 No. 87-5329
 United States Court of Appeals, Sixth Circuit.
 September 24, 1987.
 
 ORDER
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 
 
 1
 The plaintiff appeals from an order denying its motion to enjoin the defendant from pursuing arbitration and granting the defendant's motion to stay district court proceedings pending arbitration. The defendant now moves to dismiss on grounds that this Court lacks jurisdiction to consider the appeal. The plaintiff has responded in opposition to the motion.
 
 
 2
 The plaintiff brought suit under the Lanham Act, 15 U.S.C. Sec. 1051 et seq., and the laws of the Commonwealth of Kentucky, alleging trademark infringement and unfair competition. The defendant moved to stay or dismiss the suit pending arbitration pursuant to the provisions of arbitration clauses contained in certain licensing agreements between the parties. The plaintiff moved to enjoin scheduled arbitration of the dispute. By order entered January 5, 1987, the district court granted the defendant's motion for stay pending arbitration and denied the plaintiff's motion to enjoin arbitration. This appeal followed.
 
 
 3
 In Mansbach v. Prescott, Ball & Turben, 598 F.2d 1017, 1022-23 (6th Cir. 1979), this Court held that 'an order staying or refusing to stay a pending action until the case is submitted to arbitration is appealable if the underlying action is legal in nature and not appealable if the underlying action is equitable in nature.' Where a complaint raises both legal and equitable claims, the order is appealable only if the predominant nature of the action is legal. Merit Stainless Steel, Inc. v. Nippon Stainless Steel Co., 818 F.2d 532, 533 (6th Cir. 1987). If there is a substantial equitable claim, the entire complaint is not predominantly legal. Id.
 
 
 4
 In its complaint, the plaintiff sought permanent injunctive relief as well as damages. Because the underlying action was substantially equitable, see generally 9 Moore's Federal Practice Sec. 110.20 at 243 (2d ed. 1985); Dairy Queen, Inc. v. Wood, 369 U.S. 469 (1962) (recognizing that although a trademark infringement action is wholly statutory, it may possess both legal and equitable elements), the instant order is not appealable. Therefore,
 
 
 5
 It is ORDERED that the motion to dismiss is granted.